**LEVLON et ux. v. DALLAS RY. & TERMINAL CO.**

No. 12349.

Court of Civil Appeals of Texas. Dallas.

May 7, 1938.

Rehearing Denied June 11, 1938.

Frank Cusack, of Dallas, for appellants.

Burford, Ryburn, Hincks & Charlton and Logan Ford, all of Dallas, for appellee.

LOONEY, Justice.

R. C. Levlon and wife sued Dallas Railway & Terminal Company to recover damages for personal injuries sustained by Mrs. Levlon and for the partial wrecking of their automobile, alleged to have been occasioned by the negligence of defendant company. The case was submitted to a jury on special issues and resulted in judgment for the defendant, from which plaintiffs appealed.

The material facts, undisputed and as found by the jury, substantially are these: About 7:45 on the afternoon of July 15, 1935, plaintiffs were en route to their home, riding in their Dodge sedan, traveling North on Fairmount Street in the City of Dallas, Mr. Levlon at the wheel, the auto coming to a standstill on defendant's railway track at a boulevard stop at the intersection of Fairmount and Cedar Springs Road; the engine of plaintiffs' automobile having died or becoming inactive, after futile efforts to start, Mr. Levlon got out of the auto and requested the motorman of one of defendant's street cars—that in the meantime had approached from the rear and stopped within a few feet of the stalled automobile—to give the automobile a push with the street car; the motorman complying with this request, brought the street car in contact with the automobile and pushed it but a short distance, when the motor suddenly awakened and the automobile started, as described by Mrs. Levlon (who was in the car alone at the time), immediately it was moved, with more or less of a jerk; the auto eluded Mr. Levlon, who was in the street, increasing speed, the steering wheel being grabbed by Mrs. Levlon (who could not drive), the car was caused to swerve to the right, making a "U-turn", ran into a filling station, collided with a brick wall, resulting in severe personal injuries to Mrs. Levlon and the partial wrecking of the automobile. The motorman did not leave the street car, did not know that Mrs. Levlon could not drive the automobile, or that the same was in gear or that the ignition had not been cut off. Although the jury convicted the defendant of actionable negligence in several respects, this phase of the case, in our opinion, need not be further noticed, in view of the disposition which we make of the case.

■ Among other grounds of contributory negligence alleged was that, prior to the time the motorman was requested to shove the automobile with the street car, Mr. Levlon had failed to cut off the ignition switch. This issue on being submitted was found by the jury in favor of the defendant, that is, that such failure on the part of Mr. Levlon was negligence and a proximate cause. This finding precluded recovery by plaintiffs, hence, in our opinion, judgment for the defendant was proper.

■ However, if under the circumstances defendant company could be held liable at all for the act of the motorman, in using the street car to push the stalled automobile (a point not briefed by defendant), we do not think the mere pushing of the automobile the proximate cause of the results that followed. Seemingly, the plaintiffs do not complain of the manner in which the force of the street car was applied to the automobile—but rather of the fact that it was pushed at all. After making the request of the motorman, Levlon stepping aside, the street car came in contact with the automobile, and on being pushed a very short distance, the motor became active, the auto began to move, and Mrs. Levlon (not being able to control the car) seemingly, in fright grabbed the steering wheel, pulled to the right in the manner heretofore described, the auto ran into a filling station and collided with a brick wall. Under these circumstances, we do not think it can be said that the act of the motorman, in using the street car to push the automobile, was the proximate cause, but rather that, the proximate cause of the results that followed, arose from the condition in which Mr. Levlon left the auto before making the request of the motorman—that is, with the ignition on and the car in gear, knowing that his wife could not drive or guide the movements of the car, these conditions being peculiarly within the knowledge of Mr. Levlon, but unknown to the motorman. So, for this reason, we do not think the court erred in rendering judgment for defendant. See Paris & G. N. Ry. Co. v. Stafford, Tex.Com.App., 53 S.W.2d 1019; Southern Union Gas Co. v. Madeley, Tex.Civ.App., 55 S.W.2d 599; Missouri-K.-T. Ry. Co. of Texas v. McLain, Tex.Com.App., 105 S.W. 2d 206.

■ Another question presented is this: Mr. Levlon, having requested the motorman to push the automobile with the street car, joined in producing the injuries of which he complains, and brought himself within the maxim "volenti non fit injuria", which, being interpreted, means "that to which a person assents is not esteemed in

law an injury". There existed no contractual relation between defendant company and plaintiffs, nor did the company owe any duty to move or start the automobile—that being plaintiffs' problem, in the solution of which, as shown by the finding of the jury, abundantly sustained by evidence, Mr. Levlon requested the motorman to give the stalled automobile a push with the street car, with which the motorman complied as an accommodation to plaintiffs, and not in the discharge of any duty owing them. In 45 C.J. 1043, par. 600, the doctrine just mentioned is announced, as follows: "Even the doctrine of assumption of risk, as usually applied, is not applicable because of the absence of any contractual relation between the parties, nevertheless, when plaintiff has brought himself within the operation of the maxim, Volenti non fit injuria, he cannot recover. In some jurisdictions it has been held that one who voluntarily exposes himself or his property to a known and appreciated danger due to the negligence of another may not recover for injuries sustained thereby, even though he was in the exercise of ordinary care. This has been referred to as the doctrine of 'incurred risk', 'taking the risk or hazard', or 'running the risk' incident to a known and appreciated danger, and is said to rest upon, or be, in its nature, effect, and import, the equivalent at least, of the principle expressed by the maxim, Volenti non fit injuria. * * * It has also been distinguished from the doctrine of 'assumed risk', in the generally accepted use of that term, by the fact that it is operative independently of any contractual relation between the person injured and the person responsible for the dangerous condition or instrumentality * * *". Also see article on Torts, 62 C.J. p. 1100, par. 16. This doctrine was approved in Panhandle & S. F. R. Co. v. Haywood, Tex.Civ.App., 227 S.W. 347, 353.

So, in the situation presented, we think plaintiffs assumed whatever risk was incident to the motorman's doing the thing requested, hence they are also precluded from recovery under the doctrine above set out.

█ It is also insisted that counsel for appellees, in arguing to the jury whether appellant failed to cut off the ignition switch, placed before the jury matters not in evidence, and asked them to determine the issue from their own personal experience. The argument complained of is as follows: "You know that your motor doesn't start unless the switch is on. The ignition of your automobile has to be on to start the motor. You have all had that experience". The physical facts, in our opinion, show that, at the time Mr. Levlon left his automobile, just before making the request of the motorman, the ignition switch was on and the machinery of the automobile was in gear—in that, the motor started and the auto began to move immediately on being pushed by the street car. Seemingly, it is common knowledge that, unless the ignition is on, the motor will not start, and unless the machinery of the auto is in gear, it will not move under its own power.

█ Courts will take judicial notice of natural forces, as well as the primary laws of physics—mechanics and mathematics (17 Tex.Jur. page 215, par. 37; 23 C.J. 142 p. 1965); also the nature and use of common mechanical devices, such as the automobile (23 C.J. par. 1972, p. 1115, note 63); also that the application of brakes and the shutting off of power are the usual means employed to stop an automobile (Waking v. Cincinnati, etc., Ry. Co., 72 Ind.App. 401, 125 N.E. 799). Although, strictly speaking, a statement may be outside the record, yet it does not constitute reversible error if it relates to a matter of common knowledge—a matter, as in the instant case, judicially known (41 Tex.Jur. p. 781 par. 62); and again, matters of judicial knowledge need not be plead or proven (17 Tex.Jur. p. 168 par. 7).

Having given due consideration to all assignments and propositions urged for reversal, and failing to find reversible error, the judgment of the court below is affirmed.

Affirmed.

YOUNG, J., not sitting.