## FRELS v. CONSOLIDATED THEATRES, Inc., et al.

### No. 10770.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 15, 1939.

Rehearing Denied Dec. 13, 1939.

C. C. Carsner and Edw. C. Thomas, both of Victoria, for appellant.

C. A. Erickson, of Bay City, and Crain, Vandenberge & Stofer, of Victoria, for appellees.

SLATTON, Justice.

This is an appeal from an order denying a temporary injunction.

Rubin Frels sued Consolidated Theatres, Inc., et al., in the District Court of Victoria County, for damages and for injunction, alleging that defendants had formed a trust in violation of the Anti-Trust Laws in the conduct of certain theatres conducted in the City of Victoria. That defendants were about to build in said city a theatre and through such monopoly destroy the theatre business of Frels. He prayed for damages and perpetual injunction, and temporary injunction to restrain the defendants from entering into a contract to build a theatre. Hearing on the application for temporary injunction was had and denied by the court, hence this appeal.

"The rule is also well established in this state that the granting or refusing of a temporary injunction is within the sound discretion of the district court, and that court's action will not be disturbed on appeal, unless it clearly appears from the record that there has been an abuse of such discretion." Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964, 966.

A consideration of the record convinces us that the trial court did not abuse its discretion in refusing the temporary injunction. If it is true, as alleged by appellant, that appellees have combined in violation of the Anti-Trust Laws of this State, for the purpose of destroying the appellant's business, and in pursuance of such unlawful conspiracy commit acts which cause damage to appellant, the appellees would be liable to appellant for such damages. North Texas Gin Co. et al., v. Thomas, Tex.Civ.App., 277 S.W. 438, writ refused.

The relief sought by the application for temporary injunction would, if granted, restrict the sacred right of the

use and enjoyment of property belonging to appellees. The use and enjoyment of property should not be destroyed by a court of equity, except in extraordinary cases, and then, upon plain and explicit pleadings supported by clear and satisfactory evidence. Cain et al., v. Trueheart, Tex. Civ.App., 12 S.W.2d 239.

The appellant cannot possibly be injured by the erection of a theatre building, and has no right to complain until the building is being used in violation of the Anti-Trust Laws to his damage. Hence, at the time of the hearing there was no clear necessity for injunctive relief.

In 24 Tex.Jur., § 87, p. 124, it is said: "There must be some emergency or necessity for the injunction. If there is a full, adequate and speedy legal or primary remedy and no need for an injunction a temporary writ is improper. The probable existence of a right and of danger thereto if an injunction be not granted is determinative of the need for a temporary writ. The court may balance the conveniences and hardships of parties. * * *"

Under the record presented on the preliminary hearing, it is our opinion that the district court did not abuse its discretion in denying the application for temporary injunction. It follows that the action of the court must be affirmed.