## GILSON v. CENTRAL POWER & LIGHT CO. et al.

### No. 12122.

Court of Civil Appeals of Texas.
San Antonio.
June 28, 1950.

Lyle V. Timmins, Raymondville, for appellant.

S. L. Gill, Raymondville, J. M. Wilson, Corpus Christi, Nielsen & McCormick, Raymondville, for appellee.

NORVELL, Justice.

Appellant, John C. Gilson, claims a leasehold interest in a triangular tract of land situated in the City of Raymondville, Texas. He is using the same for a parking lot. Near the point where two of the streets bounding the lot intersect, the Central Power and Light Company has erected two poles. One is a live pole and supports a street light and the other is a dead pole which supports two signs. One sign was placed on the pole by the Central Power and Light Company and serves to direct persons to the Company's plant. The other advertises a hotel operated by Paul R. Wimberly. Both poles are located in the space lying between a sidewalk and the border of the hard surface of the street.

The court below refused to grant a temporary injunction, prayed for by Gilson, which would result in the removal of the dead pole and the signs attached thereto. This order must be affirmed because the record fails to disclose the existence of an emergency necessitating the granting of a temporary injunction, and for this reason, if for no other, it can not be held that the trial court abused its discretion in refusing the application.

The office of the temporary injunction is to preserve the status quo of the subject matter of the controversy pending litigation, 24 Tex.Jur. 123, § 86, and not to finally determine property rights. In the absence of a showing of emergency or extreme necessity this Court will not reverse a trial judge's order, refusing a temporary injunction, 24 Tex.Jur. 124, § 87, especially if the requested relief be mandatory in nature. 24 Tex.Jr. 125, § 88; Lewis v. Hoerster, Tex.Civ.App., 92 S.W.2d 537. See Frels v. Consolidated Theatres, Inc., Tex.Civ.App., 134 S.W.2d 369.

The order appealed from is affirmed.