**Mike DIPP, Appellant,**

v.

**RIO GRANDE PRODUCE, INC., Appellee.**

No. 5363.

Court of Civil Appeals of Texas.

El Paso.

Dec. 16, 1959.

Rehearing Denied Jan. 13, 1960.

 

Andress, Lipscomb, Peticolas & Fisk, El Paso, for appellant.

Malcom McGregor, El Paso, for appellee.

FRASER, Justice.

This was a suit by the appellee brought against the appellant for a mandatory injunction ordering the appellant to remove certain alleged obstructions in an alley located in El Paso, Texas. The appellee filed its motion for summary judgment, which was sustained by the trial court. Thereafter, the appellant made a motion for new trial based upon newly discovered evidence and carried forward into said motion an additional assignment of error, all of which was overruled by the trial court, and this appeal is taken from the two actions of the trial court; first, in sustaining the motion for summary judgment, and second, in failing to grant the appellant's motion for new trial.

This controversy involves a loading dock constructed across the alley in Block 145, Campbell Addition, in the City of El Paso. The alley in question was dedicated and accepted by the City in 1896. In April of 1943, the City passed an ordinance closing the north end of the alley "for the length of time that said premises are occupied by the U. S." Section 2 then recites: "When the United States of America ceases to occupy said premise as a warehouse, then the portion of said alley closed by this ordinance will again be opened." The United States Army built a loading dock across the closed portion of the alley, which facilities were vacated by them in about 1945. Subsequently, defendant-appellant acquired the property and continued to use the loading dock for some thirteen or more years. Appellee acquired a leasehold estate in four lots abutting on the alley in 1957 and, thereafter, brought this suit, claiming that the loading dock was an obstruction causing it great and irreparable damage and inconvenience, in that it was denied ingress and egress to that end of the alley, which was the north end of said alley.

The trial court granted a summary judgment ordering, through a mandatory injunction, the appellant to remove the obstruction.

Appellant alleges there was an issue of fact before the court; that he had not placed the obstruction and should not have to remove it; that plaintiff had failed to show any special or material injury; that plaintiff was not an abutting owner; and, lastly, that the trial court erred in overruling his motion for new trial on the ground of newly discovered evidence.

We will discuss the first, second, third and fifth points together, as they seem to be related.

■■ We believe the trial court acted correctly in granting the summary judgment, for the reason that there is no doubt but what this was a public alley; that it was closed by the loading dock which appellant had used, was using, and wished to continue to use. As a leaseholder, we believe that appellee had the same rights as regards this controversy as an actual owner would have. We believe it was sufficient for him to show that he was an abutting user by virtue of the leasehold, and that he wished to use the north end of the alley; and his statement that its unavailability caused him great damage and irreparable damage was sufficient. This is not a case of a remote user or a casual user, but, as is evidenced by the sketches and maps, the case of an abutting user in the block closed by the obstruction. It has been held that an abutting owner—and we think that means an owner of a leasehold estate, as we have here—has rights not peculiar to the public at large, but which are particular and peculiar to himself by virtue of the relation of his lot to the alley which it abuts. Such rights have been designated as property. The matter has also been touched up-

on legislatively, such as in Article 784, Vernon's Annotated Penal Code, which prohibits the obstruction of an alley; and Article 4646a, Vernon's Annotated Civil Statutes, which treats of the vacating of a street or an alley, and in which statute the Legislature treats the rights of owner and lessee with apparent equality. Kalteyer v. Sullivan, 18 Tex.Civ.App. 488, 46 S.W. 288 (wr. ref.).

 The appellant here, being an abutting leaseholder, and having stated in his petition that he would suffer irreparable damage by not being able to use the north end of the alley, we think entitled himself to his summary judgment without the necessity of having to present additional evidence, as his petition points out that he is forced to use a busy-traveled thoroughfare —to-wit, Paisano Drive. There is no doubt but what appellant occupies and uses the obstruction, to-wit, the loading platform, and owns the property to which it is attached. Therefore, if anyone has to take it down, it must be appellant. Therefore, we feel that appellant's first, second, third and fifth points must, for these reasons, be overruled.

With reference to his fourth point, we think this evidence came too late. The evidence admitted by the trial judge as a part of an amended motion for a new trial was a covenant between prior owners of the property now owned by appellant and that leased by appellee, such covenant being to the effect that the prior owner of appellee's leased property agreed on behalf of herself, her heirs, etc., that she would make no protest directly or indirectly to any governmental or official body concerning the obstruction of such alley. We do not think this would affect this lawsuit, which is between two private parties, and feel that the trial judge was correct in so finding. In any event, this is a summary judgment matter and, as such, the trial court is charged with the duty of considering only the record as it appears before the court at the time of the hearing of the motion for summary judgment. Rule 166–A, T.R.C.P.; Haley v. Nickels, Tex.Civ.App., 235 S.W.2d 683; Fowler v. Texas Employers Ins. Ass'n, Tex.Civ.App., 237 S.W.2d 373; Oaxaca v. Lowman, Tex.Civ.App., 297 S.W.2d 729.

For the above reasons, we feel that this point must be overruled.

The judgment of the trial court is therefore affirmed.