James C. BRADY, Appellant,

v.

SERVISOFT, INC., et al., Appellees.

No. 13705.

Court of Civil Appeals of Texas.

San Antonio.

Aug. 10, 1960.

Rehearing Denied Sept. 7, 1960.

James C. Brady, San Antonio, for appellant.

Moursund, Ball & Bergstrom, San Antonio, for appellees.

BARROW, Justice.

This appeal is from an order of the district court made and entered after a hearing, granting a temporary injunction restraining and enjoining appellant from using the trademark "SERViSOFT" or "Servi-Soft" in the telephone directory and from advertising in any way under said tradenames or using them in his business. Appellant will hereinafter be referred to as Brady and appellee as SERViSOFT. SERViSOFT in 1942 duly registered the tradename "SERViSOFT" with the United States Patent Office under appropriate laws pertaining thereto. SERViSOFT, Inc., is and at all times pertinent has been engaged in the business of sale and servicing water softening tanks and the materials used in the tanks for such water softening process. Its principal place of business is in the State of Illinois. It operates throughout the United States through dealers or representatives. Under the process it is necessary to periodically recharge the tanks which are installed in the homes and places of business of the users. The tanks are sold outright to the dealer or representative and the re-charging is done by him. He charges the users a fee and in turn pays SERViSOFT a royalty thereon.

· In 1946, Brady and SERViSOFT entered into an agreement whereby Brady became a dealer or representative of SERViSOFT, under which he had permission to use the tradename "SERViSOFT" ·in such business. In 1951, a new contract was entered into which continued until January, 1955, when the contract was cancelled and terminated by reason of Brady's failure to pay royalties. The contract expressly provided that upon its termination Brady should no longer have the right or privilege to use such tradename, but he continued to do so until the granting of the temporary injunction herein.

Brady contends that the court erred in granting the temporary injunction because such action disturbed the status quo. That contention is overruled. While it is

true that Brady has been using the trade-name in the San Antonio territory since 1955, he has been doing so with full knowledge that his right or privilege had terminated. Moreover, the record supports the trial court's implied finding that such use was without the knowledge or consent of SERViSOFT. The record also shows that SERViSOFT, immediately upon hearing of Brady's infringement, began this suit for injunction.

■ The rule is well settled in this State that the status quo which is to be preserved by a temporary injunction is the last actual, peaceable, non-contested status of the parties to the controversy which preceded the suit. Obviously that status ended in January, 1955, when Brady ceased to have the right to use the tradename. To sustain Brady's point would present an anomalous situation. An action to enjoin an infringement does not lie until there is an attempted or threatened infringement, and under Brady's contention a temporary injunction could not be granted thereafter because the infringement is already commenced.

■ The rule is also settled that in order to avoid an injunction for infringement the junior user must show that he had in good faith, and without notice of use of the tradename by the senior user, expended money and effort in building up a substantial business in a territory which had been unoccupied for a long period of time by the senior user's business; and that the senior user, with notice of the infringement, has delayed for an unreasonable time in asserting his rights. Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713; United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141; Fruit Industries v. Bisceglia Bros. Corp., 3 Cir., 101 F.2d 752.

■ The granting or refusing of a temporary injunction rests in the district court's sound discretion, the exercise of which will not be disturbed on appeal ex-cept for clear abuse. Gray v. Luther, Tex. Civ.App., 195 S.W.2d 434; Frels v. Consolidated Theatres, Tex.Civ.App., 134 S.W. 2d 369. Where the pleadings and evidence present a case of probable right and probable injury the trial court is clothed with a broad discretion, and its order thereon will be reversed only on a showing of clear abuse. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S. W.2d 549.

By his sixth point Brady contends that he was not given sufficient notice of the hearing. By his seventh point he contends that he should have been granted a continuance. These points are overruled. It appears that the facts were fully developed and the record fails to show that he was in any way injured or deprived of any material evidence.

All of Brady's remaining points present matters determinable on a final trial of the case.

The order of the trial court is affirmed.

POPE, Justice (concurring).

In my opinion, some of the statements in the majority opinion may confuse the general rule about status quo. After correctly stating the general rule about status quo, the opinion asserts:

"Obviously that status ended in January, 1955, when Brady ceased to have the right to use the tradename. To sustain Brady's point would present an anomalous situation. An action to enjoin an infringement does not lie until there is an attempted or threatened infringement, and under Brady's contention a temporary injunction could not be granted thereafter because the infringement is already commenced."

The opinion indicates that the status ended in January, 1955, and also states that Brady's argument is that no temporary injunction may be granted after an infringe-

ment begins. Brady's real contention is that the status as of January, 1955, when he was lawfully operating with the use of the name "SERViSOFT", continued without interruption for five years and five months, until suit was filed against him on June 2, 1960. Brady contends that this continued infringement prior to suit was in fact the status. In other words, not the mere infringement, but a long-uninterrupted infringement is what he relies upon to establish the status. The opinion of the Court may lead one to believe that a situation which endures for five years cannot establish the status quo. See Hidalgo County Water Control and Improvement Dist. No. Two v. Cameron County, etc., Tex.Civ.App., 253 S.W.2d 294.

Injunctions in trademark infringement cases involve the additional element of knowledge by the senior user of use by the junior user. 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 183b. Here the senior user proved that it was ignorant of Brady's infringement and acted immediately upon its discovery. There was no long-continued user after discovery. As expressed in 4 Callman, Unfair Competition, 687.3(b) (1):

"The plaintiff must, of course, have knowledge of the defendant's infringement. Estoppel by latches will not bar the plaintiff who was justifiably ignorant of the facts creating his cause of action. Ignorance of defendant's use defeats any assumption that the plaintiff approves of the use of the mark in question. * * * The plaintiff is not charged with the duty of searching for any acts of unfair competition."

I concur in the result.