Donald G. FENDER, Appellant,

v.

ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellee.

No. 18340.

Court of Civil Appeals of Texas, Dallas.

June 6, 1974.

Rehearing Denied July 8, 1974.

Alfred W. Ellis, Woodruff & Smith, Dallas, for appellant.

Robert A. Wooldridge, Worsham, Forsythe & Samples, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Donald G. Fender appeals from a take-nothing summary judgment against him in his action against St. Louis Southwestern Railway Company based upon the Federal Employers Liability Act (FELA), 45 U.S.C. §§ 51–60 (1972). Two questions are

presented: (1) Did the trial court err in sustaining the motion for summary judgment filed by the railway company on the ground that Fender's cause of action was barred by the statute of limitations, and (2) Should the trial court have taken judicial notice of court proceedings in the state of Illinois which may have tolled the statute of limitations? We answer each of these questions in the negative and affirm the judgment.

On December 7, 1967, Donald G. Fender was injured while acting within the scope of his employment for St. Louis Southwestern Railway Company at Dallas, Texas. The present action was filed by Fender in the 101st Judicial District Court of Dallas County, Texas on October 12, 1971. The Federal Employers Liability Act under which this action was brought provides that such action must be instituted within three years from the date of accident. 45 U.S.C. § 56 (1972). Appellee railway company filed its motion for summary judgment, as well as its amended motion for summary judgment, based upon the ground that the cause of action was barred by the statute of limitations and also that certain material representations made by Fender in his application for employment precluded him from recovery under the FELA. Fender did not file an answer to the motion for summary judgment nor did he present any summary-judgment evidence to oppose the motion. The court sustained the motion and entered judgment denying Fender any recovery.

The action of the trial court was based solely upon Rule 166–A of the Texas Rules of Civil Procedure dealing with summary judgments. The rule provides, in part, that judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ Our Supreme Court in Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961), stated that summary judgment is possible in this state only by virtue of the provisions of Rule 166–A and therefore a party, to recover summary judgment, must strictly comply with the provisions of the rule. Thus it is elementary that the trial court, in considering a motion for summary judgment, is charged with the duty and obligation of considering only the record as it appears before the court at the time of the hearing. Richman Trusts v. Kutner, 504 S.W.2d 539 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.); Whitney Properties Corp. v. Moran, 494 S.W.2d 587 (Tex. Civ.App.—Dallas 1973, no writ); Womack v. I. & H.. Dev. Co., 433 S.W.2d 937 (Tex. Civ.App.—Amarillo 1968, no writ); McCormick v. Stowe Lumber Co., 356 S.W.2d 450 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.), and Dipp v. Rio Grande Produce, Inc., 330 S.W.2d 700 (Tex.Civ.App.—El Paso 1959, writ ref'd n.r.e.).

■ The summary-judgment record before the trial court consisted of pleadings filed by appellant Fender, which affirmatively revealed that his suit to recover under the FELA had been filed more than three years after the date of injury and was therefore barred by the express provisions of the Federal Employers Liability Act, and appellee's pleading and motion for summary judgment, which raised the limitation defense. In this posture of the case it was incumbent upon appellant Fender the opponent to the motion for summary judgment, to come forward with appropriate summary-judgment evidence to show that the affirmative defense of limitations would not apply. Nichols v. Smith, 507 S.W.2d 518 (Tex.1974); "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934 (Tex.1972); Kuper v. Schmidt, 161 Tex.

**134**

189, 338 S.W.2d 948 (1960), and Gulf C. & S.F. R.R. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958). In Nichols v. Smith, *supra,* the supreme court dealt with a very similar situation and held:

> [T]he defense of the statute of limitations is established by the record as a matter of law, and petitioners are relying on fraudulent concealment to avoid that defense. It was their burden, therefore, to come forward with proof raising an issue of fact with respect to fraudulent concealment. Since they failed to do so, the allegations of fraudulent concealment do not defeat respondent's right to a summary judgment.

Appellant made no effort to introduce affidavits, certified copies of official records and judgments evidencing the existence of any proceeding in another state, or any other form of summary-judgment evidence that would serve to create an issue of fact relating to the limitations plea presented by appellee. In the absence of said summary judgment evidence as provided by the rule the trial court was justified in sustaining the motion for summary judgment.

We turn now to the second question presented, that is, whether the trial court should have taken judicial notice of certain judicial proceedings in the state of Illinois which appellant contends would have established the fact that the statute of limitations was tolled. In his *brief*, appellant *states* that in May 1968, following his injury of December 7, 1967, he filed suit against the St. Louis Southwestern Railway Company in the circuit court of St. Clair County, Illinois, seeking recovery under the provisions of the Federal Employers Liability Act. He argues that pursuant to such act he had the right to file this action in the state of Illinois where the railway company carried on its business. Appellant further *states* in his brief that in response to the petition filed in Illinois the railway company filed a motion to dismiss the case based upon the doctrine of *forum non conveniens*. Appellant then *says* that the dismissal of the case upon the doctrine of *forum non conveniens* was affirmed on appeal by a decision of the Illinois Supreme Court in Fender v. St. Louis Southwestern R.R., 49 Ill.2d 1, 273 N.E.2d 353 (rehearing denied October 4, 1971). Appellant attaches a *copy* of the Illinois Supreme Court *opinion* to his *brief in this court*. There is nothing in the record before us to indicate that any of these facts set forth in the brief before us were presented in any manner to the trial court prior to the ruling on a motion for summary judgment. Neither does the record indicate that the judgment of Illinois Supreme Court was ever presented to the trial court.

 It has been held that judicial notice may be employed in summary-judgment proceeding. Marsh v. Millward, 381 S.W.2d 110, 112 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.). Judicial notice eliminates the necessity for taking evidence by the usual procedures. Levlon v. Dallas Ry. & Term. Co., 117 S.W.2d 876, 878 (Tex.Civ.App.—Dallas 1938, writ ref'd). However, the matter to be noticed must be appropriate for judicial notice. The procedure for taking judicial notice of the law of a sister-state is prescribed by Rule 184a.[1] Whether relevant *facts* are appropriate for judicial notice is another question. Aside from the absence here of the motion and notice required by Rule 184a, we are not persuaded that judicial notice under that rule can be extended to foreign judicial records and proceedings which are

1. Tex.R.Civ.P. 184a provides in part:
 The judge upon the motion of either party shall take judicial notice of the common law, public statutes, and court decisions of every other state, territory, or jurisdiction of the United States. Any party requesting that judicial notice be taken of such matter shall furnish the judge sufficient information to enable him properly to comply with the request . . . . .

alleged to have affected specifically the rights of the parties before the Texas court, as distinguished from the law of another state to be found in published statutes and precedents. The Illinois opinion attached to appellant's brief is not relied on to show the *law* of Illinois, but rather the *facts* of the Illinois litigation. The theory of judicial notice is that the fact to be noticed is so notorious or its existence so easily ascertainable that proof will not be required. Levlon v. Dallas Ry. & Term. Co., 117 S.W.2d 876, 878 (Tex.Civ. App.—Dallas 1938, writ ref'd) ; 1 C. Mc-Cormick & R. Ray, Texas Law of Evidence, § 151 at 170 (1956). Sister-state judicial records and proceedings, like those from one court in this state sought to be introduced in another Texas court, are not matters so easily ascertainable that no proof is required. To be considered as evidence at trial or as summary-judgment proof, authenticated copies of the pertinent records or proceedings must be introduced. Adams v. State Board of Ins., 319 S.W.2d 750, 754 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.) ; 2 McCormick & Ray, *supra*, § 1278 at 148; 32 C.J.S. Evidence § 629 (1964).

 It is interesting to note that even if the necessary summary-judgment proof had been made and the trial court had been furnished with properly certified copies of the opinion of the Supreme Court of Illinois, such would not have constituted sufficient evidence to overcome the bar of the statute of limitations in this case. The uncertified copy of the opinion of the Supreme Court of Illinois attached to appellant's brief in this court, but which was not presented to the trial court in any manner, does not recite *when* the suit was originally filed by appellant in the trial court in Illinois. It therefore falls short of evidencing the full period of time during which the statute of limitation would have been tolled. It does nothing more than raise an inference that the suit might have been filed at such time as would sufficiently toll

the statute. Such an inference would fall short of raising a fact issue on a summary-judgment proceeding.

Since we hold that the trial court correctly sustained the motion for summary judgment based upon the ground of statute of limitations, it becomes unnecessary for us to discuss or pass upon the other ground in support of the motion for summary judgment.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.

BATEMAN, J., not sitting.