T & R ASSOCIATES, INC., d/b/a
Scarlett O'Hara's, Appellant,

v.

CITY OF AMARILLO, Appellee.

No. 9130.

Court of Civil Appeals of Texas,
Amarillo.

May 30, 1980.

Judge & Brown, John Judge, Amarillo, for appellant.

Merril E. Nunn, City Atty., John M. Black, First Asst. City Atty., Amarillo, for appellee.

REYNOLDS, Chief Justice.

T & R Associates, Inc., d/b/a Scarlett O'Hara's, complains of a temporary injunction, issued on the application of the City of Amarillo and to maintain the status quo pending a final hearing, restraining T & R Associates, Inc., from operating a lounge in violation of zoning and building code ordinances of the City. Inasmuch as T & R Associates, Inc., has stipulated its violations of the ordinances, the trial court properly exercised its discretion in granting the temporary injunction to maintain the status quo. Affirmed.

T & R Associates, Inc., operated a lounge known as Scarlett O'Hara's in Space 15–A, Sunset Center, an area of the City of Amarillo zoned as "General Retail." Alleging that the lounge operated in violation of zoning and building code ordinances, the City instituted this litigation. By its action, the City sought a temporary injunction, to be made permanent after a final hearing, directing T & R Associates, Inc., to cease and desist the lounge operation until and unless the ordinances were complied with by (a) obtaining a Special Use Permit and (b) providing two properly constructed and approved exits on the premises.

Responding, T & R Associates, Inc., pleaded, among other matters, that the City was estopped to seek, and was barred by laches, waiver, ratification and the clean hands doctrine from seeking, the equitable injunctive relief. T & R Associates, Inc., then pleaded for, together with other relief, a temporary injunction which, in essence, would restrain the City from impeding or terminating the operation of the lounge.

Hearing the temporary injunction evidence, the trial court found, *inter alia*, that:

(1) The operation of the lounge in a general retail zoning district without a Special Use Permit is a violation of the zoning laws of the City;

(2) The lounge is operated without having a minimum of two properly constructed and approved exits in violation of the Uniform Building Code adopted by the City; and

(3) In order to maintain the status quo pending final hearing on the merits of the cause, a temporary injunction should be ordered effective until a final hearing.

Accordingly and until a final hearing, the court's order temporarily enjoined T & R Associates, Inc., from operation of a lounge on the premises without (1) having first obtained a Special Use Permit required by the City's ordinance, and (2) a minimum of two properly constructed and approved exits required by the City's ordinance. The execution of the order requiring a minimum of two exits was stayed for a period of forty days to allow T & R Associates, Inc., to comply with the Uniform Building Code.

T & R Associates, Inc., perfected an appeal. During the time allowed for preparation of the appellate record, the court reporter's notes and transcription of the evidence heard by the trial court were stolen. The parties elected to proceed on appeal with a written "Stipulation of Evidence," the effect of which is an agreement to some facts established by, but a disagreement about other portions of, the evidence adduced in the trial court. Nevertheless, by the following numbered stipulations, the parties agree the uncontroverted evidence was that:

4. T AND R ASSOCIATES, INC., operates a tavern or a lounge at Space 15–A, Sunset Center, as those words are defined in Chapter 26–11 of the Amarillo Municipal Code;

5. The operation of a tavern or a lounge in a General Retail zoning district is prohibited by the provisions of Chapter 26 of the Amarillo Municipal Code;

11. The exit doors to Space 15–A are not in compliance with Chapter 5 of the Amarillo Municipal Code;

12. RON TWITTY testified that T AND R agreed to bring its exit doors into compliance with the Municipal Code if it is allowed to continue operating as a tavern in Space 15–A;

13. T AND R ASSOCIATES, INC., has, on two occasions, made application to THE CITY OF AMARILLO for a specific use permit for the operation of the lounge at the premises in question as provided by § 26–22 of the Amarillo Municipal Code;

16. THE CITY OF AMARILLO City Commission has denied each application for a Specific Use Permit filed by T AND R ASSOCIATES, INC.

In pursuing its appeal, T & R Associates, Inc., has drafted twelve points of error, two of which have five subpoints, directed to its basic contentions that it was, and the City was not, entitled to temporary injunctive relief, and that the injunction order upset the status quo between the parties. By its points, as well as by its live trial pleadings, T & R Associates, Inc., does not question the validity of the City's ordinances; instead, it claims the City is estopped, barred and lacks clean hands to enforce the ordinances against T & R Associates, Inc.

■ The grounds interposed by T & R Associates, Inc., to escape the force of the ordinances it admittedly violated may not be entertained. These grounds embrace matters which go to the merits of the underlying litigation, and undertaking their determination would be to give full consideration to the merits of the entire lawsuit, thereby denying a conventional trial on the merits. In an appeal from an interlocutory order granting or denying a temporary injunction, the merits of the entire suit neither are presented for appellate review nor may be considered by the appellate court. *Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex. 1978).

■ More properly in this situation, the roles of the courts are otherwise defined.

The trial court only questions whether there is an entitlement to the preservation of the status quo of the subject matter of the suit pending trial on the merits. The appellate court is strictly limited to the determination whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory injunctive order. *Davis v. Huey, supra,* at 861–62.

■ The status quo to be preserved by temporary injunction is "the last, actual, peaceable, noncontested status which preceded the pending controversy." *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549, 553–54 (1953). In this action, the status quo to be preserved is the status which existed before T & R Associates, Inc., began operation of its lounge in admitted violation of the City's ordinances, *City of Corpus Christi v. Lone Star Fish & Oyster Co.,* 335 S.W.2d 621, 624 (Tex.Civ. App.—San Antonio 1960, no writ), and not the state of affairs which would permit a continuing violation of the law. *Wesware, Incorporated v. State,* 488 S.W.2d 844, 850 (Tex.Civ.App.—Austin 1972, no writ); *Rattikin Title Company v. Grievance Committee,* 272 S.W.2d 948, 955 (Tex.Civ.App.— Fort Worth 1954, no writ).

■ Indeed, if the law is being violated, it is the duty of the court to restrain it. *Houston Compressed Steel Corp. v. State,* 456 S.W.2d 768, 773 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ); *Rattikin Title Company v. Grievance Committee, supra,* at 955. And a temporary injunction is an appropriate remedy. *Gifford v. State,* 229 S.W.2d 949, 952 (Tex.Civ.App.—El Paso 1950, no writ).

■ There is no abuse of discretion if, as here, the court applies the law to conceded or undisputed facts. *Accord, Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961). Therefore, the trial court did not abuse its discretion in granting the temporary injunction. It follows that the points of error advanced by T & R Associates, Inc., must be overruled.

The judgment of the trial court is affirmed.