**Henry J. KJELLANDER, Appellant,**

v.

**E.N. SMITH, et ux., Appellees.**

**No. 12–82–0121–CV.**

Court of Appeals of Texas, Tyler.

May 19, 1983.

Chester V. Hines, Crockett, for appellant.

Gus E. Meriwether, Sallas, Meriwether & Pemberton, Crockett, for appellee.

McKAY, Justice.

This is an appeal from an order granting a temporary injunction which required Kjellander to remove a fence which Smith alleged ran down the middle of a public road in front of his property, obstructing said road and seriously limiting access to Smiths' property.

Appellees, plaintiffs below, are the owners of two adjacent lots in Linwood Estates, a subdivision on the shore of Houston County Lake. Appellant Kjellander owns property directly across the street (Dogwood Lane) from appellees. Although there is some conflict in the testimony, it appears that Kjellander had maintained some sort of fence in front of his property for some time before the Smiths bought their property, but that no fence was in place when they bought their lots. At any rate, it is undisputed that sometime after appellees bought their lots and built a home thereon, appellant put up a fence across the front of his property. The Smiths alleged this fence ran down the middle of Dogwood Lane and rendered said roadway unreasonably inconvenient and hazardous and obstructed the only public access to their property. After some attempts at negotiation failed, the Smiths filed this action seeking removal of the fence. After hearing, the trial court granted the temporary injunction prayed for by the Smiths, and Kjellander appeals.

A statement of facts appears in the record, but findings of fact and conclusions of law were neither requested nor filed. Therefore all questions are presumed found in support of the judgment, and the judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1978); *U.S. Steel Corp. v. Fiberglass Specialties, Inc.,* 638 S.W.2d 950, 952 (Tex.App.—Tyler 1982, no writ).

Appellant brings fourteen points of error. We note at the outset that "at a hearing upon a request for a temporary injunction the only question before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits." *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). Appellate review is limited to the sole issue of whether there has been

a clear abuse of discretion by the trial court in making the foregoing determination. *Davis v. Huey, supra; Sparks v. Busby,* 639 S.W.2d 713, 718 (Tex.App.—Tyler 1982, no writ). With the foregoing principles in mind, we turn to a discussion of the points raised by appellant.

In his first point of error, appellant seems to complain[1] that the trial court erred in admitting into evidence a copy of a portion of the original plat of the subdivision. We overrule this point. As this court stated in *Merrell v. Merrell,* 527 S.W.2d 250 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.), at p. 254:

> In a trial before the court the admission of incompetent evidence will not generally require a reversal of the judgment when there was competent evidence to authorize its rendition, and it will ordinarily be assumed that the trial court disregarded such evidence.

*See also, Gillespie v. Gillespie,* 644 S.W.2d 449, 450 (Tex.1982). Appellant's complaint under this point appears to be that the admission of this exhibit alone caused the trial court to conclude that Dogwood Lane was 40 feet wide, thus resulting in a finding that, measured from stakes found at the front of appellees' lots, appellant's fence lay ten to fifteen feet into the road. However, there was testimony in the record from a surveyor and from appellant himself, as well as other documentary evidence, which showed Dogwood Lane to be at least 40 feet in width. We hold there was ample evidence in the record to support the trial court's implied finding that Dogwood Lane, as dedicated, was 40 feet wide and thus the error, if any, in admitting the exhibit was harmless.

Appellant next argues that the trial court ignored the "clean hands" doctrine, or misapplied it, in granting the injunction, but fails to cite any authority in support of the point. Points of error not supported by

arguments *and* authorities are waived. *Leckey v. Warren,* 635 S.W.2d 752, 753 (Tex.App.—Corpus Christi 1982, no writ) and cases there cited. As that court stated in its opinion on motion for rehearing at p. 754:

> It is not the function of this Court to brief the appellant's case for him. He has the burden of showing reversible error and in order to do so he must cite authority which supports his position. Rule 418, T.R.C.P.

We therefore overrule this point.

Next appellant argues, in several points (some of which are multifarious), that the trial court abused its discretion in granting the injunction because the effect thereof would be to give appellee the relief sought on final hearing, and to change the status quo. In another point appellant argues the trial court erred by impliedly finding that the last actual, peaceful and noncontested status preceding the controversy was one with no fence in place. We discuss these points together.

The mere fact that the relief granted by the temporary injunction would be the same as that sought on final hearing does not constitute a basis for refusing to grant the injunction. *Gunnels v. North Woodland Hills Community Association,* 563 S.W.2d 334, 338 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). In that case the court stated, at p. 337:

> Generally, the preservation of the quo can be accomplished by an injunction prohibitory in form, but it sometimes happens that the status quo is a condition not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury on complainant. In such a case, courts of equity issue mandatory writs before the case is heard on its merits. This character of cases has been repeatedly held to constitute an exception to the general rule that temporary in-

---

1. In their motion to extend time to file appellees' brief, appellees alleged: "The Brief for Appellant is poorly written and is difficult to understand and does not conform to the rules of briefing...." In our opinion this is an accu-

rate assessment. Were this not an accelerated appeal under Rule 385, Tex.R.Civ.P., we would require the case to be rebriefed pursuant to Rule 422, Tex.R.Civ.P.

junction may not be resorted to to obtain all relief sought in the main action; such temporary injunction may be mandatory in character. *Rhodia, Inc. v. Harris County,* 470 S.W.2d 415, 419 (Tex.Civ. App.—Houston [1st Dist.] 1971, no writ). Here the condition of rest, with the fence in place, is exactly what will inflict irreparable injury on the appellees—by obstructing the only public access to their property.

██ Furthermore, the status quo to be preserved by temporary injunction is "the last actual, peaceable, *noncontested* status *which preceded the pending controversy.*" (Emphasis added.) *Big Three Industries, Inc. v. Railroad Com'n.,* 618 S.W.2d 543, 548 (Tex.1981); *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549, 553–4 (1953). The presence of the fence in the road is the sole cause of the controversy here. Although the evidence is somewhat conflicting because there were several fences put up and torn down over the years, there is testimony from appellant himself that there was no fence in place at the time the Smiths moved onto the property. No abuse of discretion exists where the trial court bases its decisions on conflicting evidence. *Davis v. Huey, supra.* We therefore find no abuse of discretion here and overrule appellant's points 3, 6, 7, 9 and 14.

██ Appellant complains in point four that an emergency must be alleged and proven as a prerequisite to granting a temporary injunction, citing *Gilson v. Central Power & Light Co.,* 231 S.W.2d 683 (Tex. Civ.App.—San Antonio 1950, no writ). That case does not so hold. There the trial court had refused to grant a temporary injunction, and the appellate court refused to find that the trial court abused its discretion in so ruling. The court held that an *appellate* court would not reverse a trial court's order refusing an injunction absent a showing of emergency. Likewise, in the instant case we find no abuse of discretion by the trial court in granting the injunction, since appellant has made no showing of an emergency requiring reversal. We therefore overrule this point. *See also Gun-*

*nels v. North Woodland Hills, etc.,* quoted above.

██ In point five, appellant contends the trial court abused its discretion in granting the injunction without any showing of irreparable harm. The Smiths alleged in their petition that irreparable harm would result if the fence were not removed, and the proof at trial showed that Dogwood Lane provided the only access to their property. In addition, the proof showed that the fence placed in the road by appellant rendered the road unreasonably inconvenient and hazardous. In our opinion this constituted a sufficient showing of irreparable injury, and we perceive no abuse of discretion by the trial court in granting the temporary injunction on this basis. *See Dipp v. Rio Grande Produce, Inc.,* 330 S.W.2d 700, 701–2 (Tex.Civ.App.—El Paso 1960, writ ref'd n.r.e.). Appellant's fifth point is overruled.

██ In point eight appellant argues that injunction was improper because appellees had adequate remedies at law. He points out that his own conduct may constitute an offense under § 42.03, Tex.Penal Code Ann., and that trespass to try title is the appropriate vehicle to settle a boundary dispute. We agree that appellant's conduct violates § 42.03 of the Penal Code,[2] but we also observe that if the law is being violated the court has a *duty* to restrain said violation, and a temporary injunction is an appropriate remedy. *DeNoie v. Board of Regents, etc.,* 609 S.W.2d 601, 603 (Tex.Civ. App.—Austin 1980, no writ); *T & R Associates, Inc. v. City of Amarillo,* 601 S.W.2d 178, 180 (Tex.Civ.App.—Amarillo 1980, no writ). And since appellees claimed no title to the land in dispute, but rather alleged the fence was located in an area dedicated as a street, trespass to try title is not an appropriate remedy. *Inman v. Padrezas,* 540 S.W.2d 789, 797–8 (Tex.Civ.App.—Corpus Christi 1976, no writ). We find no abuse of discretion, and we overrule this point.

**2.** Obstructing Highway or Other Passageway.

600

Next appellant asserts that the plaintiffs had no standing to maintain this action as private citizens, since obstruction of a public road is a public nuisance. However, in *Dipp v. Rio Grande Produce, Inc., supra,* the court stated, 330 S.W.2d at p. 701:

It has been held that an abutting owner—and we think that means an owner of a leasehold estate, as we have here—has rights *not peculiar to the public at large, but which are particular and peculiar to himself by virtue of the relation of his lot to the alley which it abuts.* Such rights have been designated as property. (Emphasis added.)

Under our standard of review, we must presume the trial court found sufficient special injury accruing to appellees to warrant the granting of a temporary injunction. Under the facts of this case, we cannot say the trial court abused its discretion in making said finding. Points ten and eleven are overruled.

In point twelve, appellant alleges a technical defect in the *writ* of injunction itself. Such defect, if it exists, is a clerical error which is immaterial and wholly irrelevant in our limited review of whether the trial court abused its discretion in deciding whether to issue the *order* enjoining appellant. We therefore overrule said point without further discussion.

Finally, appellant complains the trial court failed to balance the equities before granting the injunction. We find no evidence in the record of such failure by the trial court. Although the record reflects that various fences have been erected and taken down numerous times over the years, there is no evidence of what it would cost appellant to remove the present fence, and perhaps to replace it at a later date. We note that the order here only requires removal of the fence and not its destruction. There is evidence in the record of the continuing nature of the inconvenient and hazardous condition created by the presence of the fence. As stated in *Transport Co. of Texas v. Robertson Transports, supra,* 152 Tex. at 553, 261 S.W.2d 549:

If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. *Texas Foundries v. International Moulders & Foundry Workers' Union,* Tex.Sup. [151 Tex. 239], 248 S.W.2d 460, 462. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. *Southwestern Greyhound Lines, Inc. v. Railroad Commission,* 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235.

We find no abuse of discretion here and thus overrule point thirteen.

Having found no abuse of discretion by the trial court in granting the temporary injunction, the judgment of the trial court is affirmed.