In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00121-CV


______________________________








EX PARTE EARNEST CARL WILSON








 


On Appeal from the 71st Judicial District Court


 Harrison County, Texas


Trial Court No. 05-0943




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Chief Justice Morriss



O P I N I O N


 Pro se inmate Earnest Carl Wilson unsuccessfully petitioned (1) the 71st Judicial District Court
in Harrison County to expunge the records related to his April 26, 1993, arrest for escape. Wilson
argues that the trial court erred in not giving his petition a full hearing with reasonable notice, not
granting Wilson a bench warrant so he could attend the hearing, (2) denying his expunction petition,
and denying his motion to vacate (3) the trial court's judgment denying expunction. We reverse and
remand this case for an evidentiary hearing because, under these facts, the trial court erred in ruling
on Wilson's petition without holding an evidentiary hearing.

 Expunction proceedings are authorized by Chapter 55 of the Texas Code of Criminal
Procedure and are considered civil causes of action. See McCarroll v. Tex. Dep't of Pub. Safety, 86
S.W.3d 376, 378 (Tex. App.--Fort Worth 2002, no pet.); Tex. Dep't of Pub. Safety v. Katopodis, 886
S.W.2d 455, 457 (Tex. App.--Houston [1st Dist.] 1994, no writ). A petitioner is entitled to
expunction only on proof of satisfaction of each statutory requirement. See Tex. Dep't of Pub. Safety
v. Williams, 76 S.W.3d 647, 650 (Tex. App.--Corpus Christi 2002, no pet.). The salient portion of
Article 55.01 of the Texas Code of Criminal Procedure provides as follows:

 (a) A person who has been placed under a custodial or noncustodial arrest for
commission of either a felony or misdemeanor is entitled to have all records and files
relating to the arrest expunged if:


 . . . .


 (2) each of the following conditions exist:

 

 (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested . . . ;

 

 (B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community  supervision  under  Article  42.12  for  any  offense  other  than a Class
C misdemeanor; and


 (C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

Tex. Code Crim. Proc. Ann. art. 55.01(a) (Vernon 2006). Although Section 55.01 is in the Texas
Code of Criminal Procedure, an expunction proceeding is civil in nature. Heine, 92 S.W.3d at 646. 
Wilson, as the one who brought this civil action, bore the burden of proof. See id. at 650. 
Expunction will not be granted unless the petitioner satisfies each of the statutory requirements. 
Perdue v. Tex. Dep't of Pub. Safety, 32 S.W.3d 333, 335 (Tex. App.--San Antonio 2000, no pet.). 
We review a trial court's ruling on a petition for expunction under an abuse-of-discretion standard. 
Heine, 92 S.W.3d at 646. A trial court abuses its discretion if it acts without reference to guiding
rules and principles or if its actions were arbitrary and unreasonable. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Also, it errs if it rules without holding a
hearing, where one is required.

 Article 55.02 states that the trial court "shall set a hearing on" the petition for expunction. 
See Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (Vernon 2006). Not every hearing called for
under every rule of civil procedure necessarily requires an oral hearing, and, unless required by the
express language or the context of the particular rule, the term "hearing" does not necessarily
contemplate either a personal appearance before the court or an oral presentation to the court. Gulf
Coast  Inv.  Corp.  v.  NASA  1  Bus.  Ctr.,  754  S.W.2d  152,  153  (Tex.  1988);  Ex  parte  Staner,
No. 06-06-00088-CV, 2007 WL 79406 (Tex. App.--Texarkana Jan. 5, 2007, no pet. h.); Ex parte
Current, 877 S.W.2d 833, 839 (Tex. App.--Waco 1994, no writ). For example, a trial court may
rule on an expunction petition without conducting a formal hearing and without the consideration
of live testimony, if it has at its disposal all the information it needs to resolve the issues raised by
the petition. Current, 877 S.W.2d at 839-40. Presumably, that information might be available by
what is in the pleadings, by summary judgment proof, or by judicially noticing court records.

 The judgment denying Wilson's requested expunction recites that the trial court "has
examined the records of the County Court at Law of Harrison County, Texas," and rules on Wilson's
petition apparently by taking judicial notice of those records and without an evidentiary hearing. 
While those records were obviously available to the trial court--it based its ruling on them,
satisfying itself that the petition's claims were meritless--the court apparently ruled entirely on the
basis of its judicial notice of another court's records.

 Before courts can take judicial notice of facts, those facts cannot be seriously subject to
debate and must be easily ascertainable. Fender v. St. Louis Sw. Ry. Co., 513 S.W.2d 131, 135 (Tex.
Civ. App.--Dallas 1974, writ ref'd n.r.e.); Levlon v. Dallas Ry. & Terminal Co., 117 S.W.2d 876, 
878 (Tex. Civ. App.--Dallas 1938, writ ref'd). Judicial records from other states, and such records
from a domestic court other than the court being asked to take judicial notice, have not been deemed
so easily ascertainable that no proof is required; they are to be established by introducing into
evidence authenticated or certified copies, respectively, of those records. Fender, 513 S.W.2d at
135; Adams v. State Bd. of Ins., 319 S.W.2d 750, 754 (Tex. Civ. App.--Houston 1958, writ ref'd
n.r.e.). (4) That was not done in this case, and no evidentiary hearing was held. Because the trial
court's ruling rested necessarily on its taking judicial notice of unspecified court records from another
court, (5) dispensing with an evidentiary hearing on Wilson's petition was error.

 Ordinarily, we presume the records not made a part of the appellate record support the trial
court's decision. See State v. Pierce, 816 S.W.2d 824, 831 (Tex. App.--Austin 1991, no writ). But,
because the trial court's judgment was rendered without properly taken judicial notice and without 

an evidentiary hearing, it was error. 

 




 We reverse the judgment and remand this matter to the trial court for a hearing in accordance
with this opinion.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 18, 2007

Date Decided: May 23, 2007

1. We note that Wilson's petition lacks information to identify the case in which he was
arrested April 26, 1993, other than the date of his arrest and the charge, and that there is apparent
confusion among the various information sources Wilson cites. The lack of any appellate record
reflecting the underlying facts impedes our effort at cutting through that confusion.
2. Wilson asserts he was entitled to be personally present at a hearing, notwithstanding his
status as an inmate. Though prison inmates do not lose the right to access the courts because of their
incarceration, they do not have an absolute right to appear in person. Ex parte Guajardo, 70 S.W.3d
202, 205 (Tex. App.--San Antonio 2001, no pet.). There are alternatives to having an inmate
physically present at a hearing, such as the use of affidavit, deposition, or telephone. See In re
D.D.J., 136 S.W.3d 305, 314 (Tex. App.--Fort Worth 2004, no pet.); Dodd v. Dodd, 17 S.W.3d 714,
717 (Tex. App.--Houston [1st Dist.] 2000, no pet.). And a variety of factors can affect whether a
bench warrant should be granted, including the difficulty in transporting the inmate to court, security
and danger of his or her presence, the weight of the inmate's claims, the time-critical nature of the
matter, the need for the inmate's personal and present testimony and for judging his or her credibility,
whether the hearing is to the court or to a jury, the inmate's probability of success on the merits,
whether the inmate is represented or is pro se, and whether he or she is a plaintiff or defendant. 
D.D.J., 136 S.W.3d at 310-15; see Stone v. Morris, 546 F.2d 730, 735-36 (7th Cir. 1976). A
decision on a request for a bench warrant is reviewed for an abuse of discretion. Heine v. Tex. Dep't
of Pub. Safety, 92 S.W.3d 642, 650 (Tex. App.--Austin 2002, pet. denied); In re B.R.G., 48 S.W.3d
812, 820 (Tex. App.--El Paso 2001, no pet.).
3. Wilson's "motion to vacate" was essentially a motion for new trial. That motion essentially
argued that the trial court was incorrect in its findings in the judgment. We review a trial court's
denial of a motion for new trial for abuse of discretion. See Dir., State Employees Workers' Comp.
Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994). Since we find error in the original judgment, we
do not address Wilson's "motion to vacate."
4. Domestic judgments, on the other hand, can be judicially noticed. See Besing v. Smith, 843
S.W.2d 20, 21 (Tex. 1992); Langdale v. Villamil, 813 S.W.2d 187, 190 (Tex. App.--Houston [14th
Dist.] 1991, no writ). But here, we have no indication that the trial court's review of the records of
the county court at law was limited to just a judgment, or even that the court's review necessarily
included any judgment. The appellate record is simply silent on that question. And we cannot
conclude, based on the spare record before us, that the trial court could have learned from a judgment
alone that Wilson's April 26, 1993, arrest actually resulted in a conviction.
5. The judgment denying the expunction finds that, on July 20, 1993, in cause number 93-589,
Wilson was convicted of misdemeanor escape based on his guilty plea. The trial court further finds
in its judgment that the offense in question occurred March 26, 1993, and that Wilson was arrested
for it April 26, 1993, matching it to the arrest date and charge furnished by Wilson in his petition for
expunction. If those findings are justified, Wilson is not entitled to his requested expunction. But
Wilson is entitled to a hearing.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00210-CR

                                                ______________________________

 

 

                                ROBERT JAMES EDWARDS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 09-0258X

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Robert
James Edwards has appealed from his conviction, on an open plea of guilty, for
the offense of theft, with two prior convictions for theft, a state jail
felony.  The trial court sentenced him,
following a hearing at which Edwards testified, to twenty-two months confinement
in a state jail facility.  He was
represented by appointed counsel at trial and on appeal.

            Edwards
attorney has filed a brief which discusses the record and reviews the
proceedings, and has discussed one possible, but after analysis, ultimately
unavailing, issue.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief to Edwards on January 14, 2010, informing Edwards of
his right to file a pro se response and of his right to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  Edwards has neither filed a pro se
response, nor has he requested an extension of time in which to file such
response.

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerks
record and the reporters record, and we agree that no arguable issues support
an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 82627 (Tex. Crim. App.
2005).  

            In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.  See Anders, 386 U.S. 738.

            We
affirm the judgment of the trial court.[1]

 

 

                                                                       Jack
Carter

                                                                        Justice

 

Date Submitted:          March
30, 2010

Date Decided:             March
31, 2010

 

Do Not Publish

 











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsels request to
withdraw from further representation of Edwards in this case.  No substitute counsel will be appointed.  Should Edwards wish to seek further review of
this case by the Texas Court of Criminal Appeals, Edwards must either retain an
attorney to file a petition for discretionary review or Edwards must file a pro
se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.