**G. W. GODLEY, Appellant,**

v.

**DUVAL COUNTY et al., Appellees.**

No. 14055.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 17, 1962.

Rehearing Denied Nov. 14, 1962.

Perkins, Floyd, Davis & Oden, Alice, for appellant.

Lloyd, Lloyd & Dean, Parker Ellzey, Alice, for appellees.

BARROW, Justice.

Appellant, G. W. Godley, a taxpayer of Duval County, filed suit against appellees, Duval County, the County Judge, the County Commissioners, and Troy Carey, a county road supervisor, to enjoin the use of county labor, equipment and materials for private purposes. The trial court denied the temporary injunction and appellant appealed from that order.

■ The sole question presented is whether the trial court abused its discretion in denying the temporary injunction. The purpose of the issuance of a temporary injunction is to preserve the status quo in regard to the matter in controversy or prevent irreparable injury or damage to applicant pending final determination of the case on its merits. Ordinarily, it is not a substitute for, nor does it serve the same purpose as, the hearing on the merits. Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417; West Texas Gulf Pipe Line Co. v. Hardin County, 159 Tex. 374, 321 S.W.2d 576; Miller v. Texsteam Corp., Tex.Civ.App., 327 S.W.2d 465.

■ It is well settled that the granting or refusing of a temporary injunction is subject to a very different character of appellate review from that of a permanent injunction. The trial court is clothed with broad discretion in determining whether to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and this discretion should not be overturned unless the record discloses a clear abuse. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460.

■ The County Commissioners are not authorized to permit the use of county labor, materials or equipment for other than public use. Ex parte Conger, Tex., 357 S.W.2d 740; Rowan v. Pickett, Tex.Civ. App., 237 S.W.2d 734. This same rule applies to county employees, regardless of the motives or whether a profit is made. Appellant's right as a taxpayer to enjoin such use is well recognized. City of Austin v. McCall, 95 Tex. 565, 68 S.W. 791; Terrell v. Middleton, Tex.Civ.App., 187 S.W. 367.

■ The trial court did not file findings of fact or conclusions of law. We therefore must examine all the evidence from the viewpoint that all disputed facts were found in a manner to support the order of the trial court. In addition to his duties as county road supervisor, Carey was a partner in a private construction company. He admitted that several pieces of county equipment had been used on two private jobs performed by his private company. He testified that this equipment was used after county hours and on week-ends. No charge was made for this use. Appellant contends that, in addition to these two jobs, county labor, equipment and materials were used by Carey on private driveways. This use was disputed and there was evidence that the only work performed by the county was on the right-of-way between the driveways and county roads. The County Commissioners denied that they authorized the use of county labor, materials or equipment for private purposes.

■ The evidence established that the two jobs on which county equipment was used were fully completed. Carey admitted that he probably would have continued the use of county equipment for private purposes, if the suit had not been brought, but there was no evidence of any jobs in progress or that any were contemplated. There is no claim that the trial court can not afford appellant a prompt hearing on the merits; and there is no evidence of irreparable injury or damage to appellant pending a final determination of the case on its merits. Therefore, we cannot say that the trial court abused its discretion in refusing the temporary injunction. West Texas

Gulf Pipe Line Co. v. Hardin County, supra; Texas Foundries v. International Moulders & Foundry Workers' Union, supra; Gilson v. Central Power & Light Co., Tex.Civ.App., 231 S.W.2d 683.

The judgment is affirmed.