PANOLA COUNTY COMMISSIONERS COURT et al., Appellants,

v.

Lynn BAGLEY et al., Appellees.

No. 7558.

Court of Civil Appeals of Texas.

Texarkana.

June 9, 1964.

Rehearing Denied June 30, 1964.

E. C. Winfrey, LeRoy LaSalle, J. E. Jackson, Carthage, for appellants.

Gordon Wellborn, Houston, Phenix, Keeling & Wilder, Henderson, for appellees.

FANNING, Justice.

A suit for permanent injunction. Lynn Bagley and 5 other resident taxpayers of Panola County, Texas, sued Panola County, Texas, the Commissioners Court of said county, County Judge Winfrey, County Commissioners Furrh, Waits, Rich and Holmes and County Engineer Marshall of said county, seeking to enjoin defendants and their employees from using any of the county owned road equipment, machinery, materials or employees for private purposes.

Plaintiffs' motion for summary judgment was granted and defendants' cross-motion for summary judgment was denied. Defendants have appealed.

Plaintiffs-appellees in their pleadings alleged to the effect that over a period of the last several years Panola County equipment, materials and labor had been used for the private benefit of individual landowners and taxpayers and that such practice would continue unless enjoined to the irreparable damage and injury to plaintiffs, that plaintiffs had no adequate remedy at law, that defendants constituting the Commissioners Court of Panola County had entered into a scheme whereby each commissioner may use any and all of the machinery, equipment, materials and employees of Panola County for such private purposes as the commissioners should desire to use them. In addition to making general charges against the defendants, the plaintiffs in their pleadings alleged 28 specific instances of purported illegal and improper use of public materials, labor and equipment on private property. Plaintiffs-appellees sought the entry of a summary judgment on substantially the above stated grounds and in their motion for summary judgment stated that their motion was based upon: "The pleadings on file in this action; and the oral depositions of plaintiffs and defendants which are incorporated herein by reference as supporting affidavits to this motion."

Defendants replied to said motion for summary judgment, filing a sworn denial of violation of any law or laws, etc., and among other things stating: "Further answering herein, Defendants deny that they have in any manner engaged in any improper practice or law violation in the performance of their duties and obligations as provided by law, but if they be mistaken as to the law in regard to the performance of their duties as public officials, such mistake has been an unintentional error of judgment, and if this Honorable Court finds any practice followed by Defendants to be in violation of any law or an improper exercise of judgment annd discretion vested by law in Defendants, both of which Defendants deny they have violated, such practice will be discontinued and Defendants say that they have not and will not knowingly violate any law of this State as alleged by Plaintiffs in their said Petition and Motion for Summary Judgment." Defendants also filed 26 affidavits countering various allegations of plaintiffs and also filed a cross-motion for summary judgment in their favor. Defendants-appellants later filed a supplemental pleading further replying to plaintiffs-appellees motion for summary judgment and seeking by cross-motion a summary judgment in their favor and attached four additional supporting affidavits thereto.

Plaintiffs-appellees filed a first supplement to their motion in affidavit form which affidavit was made by Lynn Bagley, one of the plaintiffs, which reads in part as found

below.[1] Defendants-appellants also filed a second supplemental pleading to their reply to plaintiffs' motion for summary judgment and also in support of their cross-motion for summary judgment.

At the time of the hearing on the motion for summary judgments there was on file in the District Clerk's office the pleadings of the parties, plaintiffs-appellees motion for summary judgment and supplement and the sworn denials and affidavits attached by defendants-appellants to their replies and motions and supplements above referred to and the depositions of the following persons, to-wit: Lynn Bagley, W. Hewey Bagley, A. D. Martin, D. V. McMillan, Dan Sistrunk and Jim Bob Wallace, the six plaintiffs, and defendant E. C. Winfrey, County Judge of Panola County, Texas.

■■■ The depositions of the six plaintiffs have been examined. While much of the deposition testimony is apparently based upon hearsay and investigation of others it is our view that such depositions do raise some issues of fact. However the plaintiffs are interested witnesses and their credibility is for a trier of the facts. These depositions while raising fact issues for a trier of the facts, are not conclusive and certainly are not sufficient to authorize the granting of a summary judgment in this cause, and more especially so in view of the controverting matters set up by defendants-appellants.

The deposition of County Judge Winfrey in effect denies that any law violations had occurred and raises issues of fact with reference to this matter and it is our further view that such deposition also raises an issue to be determined at least by a trier of the facts as to whether a permanent injunction is required as to whether defendants would discontinue any past practices found illegal by the trial court. We are also of the further view that the above referred to sworn statement of defendants to the effect that if they were mistaken in their denial of any law violations, that such mistake had been an unintentional error of judgment, and that if the court found that any practice followed by defendants to be in violation of law or an improper exercise of judgment, such practices would be discontinued, would raise an issue to be determined by a trier of the facts as to whether it was necessary to issue a permanent injunction.

The thirty affidavits filed by defendants-appellants dispute in the main the specific law violations charged.

---

1. "W. C. Furrh, the commissioner of Precinct 1 in Panola County, Texas, testified by deposition on July 19, 1962, at the same time the other county commissioners testified. The court reporter who transcribed the deposition lost his notebook in which his shorthand notes were transcribed and the record on which Mr. Furrh's testimony was recorded was unintelligible. For that reason, Mr. Furrh's deposition was never transcribed and filed in this cause. Before Mr. Furrh's deposition could be again taken, he became ill and could not submit to another deposition. It is a fact that Mr. Furrh's testimony under oath at the time of the deposition was substantially the same as the testimony of commissioner D. T. Holmes, and it is a fact that Mr. Furrh testified under oath that he had in the past used public property and public materials for the purpose of graveling and oiling driveways on private property at the homes of private individuals in Panola County, Texas. It is a fact that Mr.

Furrh testified that at the time of the deposition he was continuing to do so and would continue to do so in the future unless he was stopped from so doing by an injunction judgment of the District Court of Panola County, Texas.

"It is also a fact that Mr. Furrh testified under oath at the time of his deposition that the question of the Panola County Commissioners' oiling and graveling driveways on private property with public property and public materials had been brought up before Grand Juries in Panola County many, many times in the past. Mr. Furrh testified that at no time had any Grand Jury taken any action with respect to such conduct on the part of the commissioners of Panola County.

"Plaintiffs allege that if W. C. Furrh were personally present, he would testify to the above facts again and that he will so testify at a trial of this case on the merits or by deposition if his testimony can be secured.

"/s/ Lynn Bagley"

The depositions of defendants Rich, Holmes, and Waits, County Commissioners of Panola County, Texas, and of defendant Marshall, County Engineer, of Panola County, Texas, were not signed by said defendants and were not sworn to by said defendants (they contending that the depositions were in many instances not correct) and said depositions were never filed by the District Clerk of Panola County, Texas. These depositions were apparently taken on July 19, 1962, by the court reporter who certified to them on August 18, 1962. Said depositions were not sent up to this court as a part of the original record, apparently because they had not been filed with the District Clerk and did not bear the file mark of the district clerk.

However, after submission of this cause defendants-appellees filed a sworn motion with the District Court of Panola County, Texas, for certification of the depositions of the defendants Rich, Holmes, Waits and Marshall. Attached to the motion are certification of the court reporter and of the trial judge, all of which have been sent up to this court. Appellants have filed a sworn motion to strike the late filing of said above referred to depositions and said certificate of the trial judge and among other things dispute the factual accuracy of the depositions above referred to and also contest the right of same to be filed as a part of the appellate record in this cause.

It appears from appellees' sworn motion for certification, with the attached certificate of the court reporter, the certificate of the trial judge and from appellants' sworn motion to strike, that there are factual questions as to whether the depositions of Holmes, Waits, Rich and Marshall were filed in the trial court, whether they were introduced in evidence in the trial court, and whether or not the depositions which said defendants refused to sign because they contended and swore that they were in many instances not correct, were correct or not. There also arise legal questions as to whether said depositions should be considered by this court as a part of the appellate record in this cause.

■ The issue in a summary judgment proceeding is whether or not there is a genuine issue of fact in the case. And in determining this issue the rule with respect to instructed verdict cases is applicable in that the evidence is viewed in the light most favorable to the party opposing the motion. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929; Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93; Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557.

In Gaines v. Hamman, supra, it is stated in part as follows:

"Rule 166–A, Texas Rules of Civil Procedure, provides that a summary judgment 'shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' The record of a summary judgment proceedings then consists of the pleading whose office it is to outline the claims and defenses of the respective parties, the depositions and admissions on file and affidavits submitted either in support of or opposing the motion. With the exception of the pleadings it is not essential that any or all of the other possible components of the summary judgment record be present. While admissions on file may be likened to pleadings and considered as written judicial admissions, *there is no basis for giving controlling effect to a deposition as compared to an affidavit. Neither does the fact that the deposition is more detailed in some respects than the affidavit vest it with dominant authority,* provided of course that the affidavit possesses the necessary requisites prescribed by this Court in Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 wherein it was said that under the provisions of

Rule 166–A affidavits to be effective either to support or oppose a motion for summary judgment 'must be made by competent affiants with personal knowledge of the statements in them, which statements must be so worded that if given on the witness stand they would be admissible as evidence.' Obviously mere conclusions will not suffice and cases so holding do not support the thesis that in cases of inconsistency or conflict, the deposition prevails over the affidavit. *If conflicting inferences may be drawn from the deposition and from the affidavit of the same party, a fact issue is presented.* United States Fidelity & Guaranty Co. v. Carr., Tex.Civ.App., 242 S.W.2d 224, wr. ref., New St. Anthony Hotel Co. v. Pryor, Tex.Civ.App., 132 S.W.2d 620, wr. ref. It is not the purpose of the summary judgment rule to provide either a trial by deposition or a trial by affidavit, but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact. The present record does not disclose a case for summary judgment." (Emphasis added.)

■ It is clear that the duty of the court hearing the motion for summary judgment is to determine if there are any genuine issues of material fact to be tried and not to weigh the evidence or determine its credibility and thus try the case on the affidavits. Also the burden of proof is upon the movant to show that there is no genuine issue of material fact and all doubts as to the existence as to a material fact issue must be resolved against a party moving for a summary judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

■ Of course, as above outlined, if the evidence is contradicted on material issues, the court is not authorized to grant a summary judgment. And also where the ultimate conclusion to be drawn from un-contradicted evidence would not necessarily be the only conclusion possible to be made from the same evidence by reasonable minds, such would be a conclusion of fact precluding a summary judgment and not a conclusion of law. And such conclusions of fact, if ultimate and determinative, are to be made by the trier of the facts and not by the court on motion for summary judgment. Frazier v. Glen Falls Indemnity Company, Tex.Civ.App., 278 S.W.2d 388.

■ Appellees strongly contend that Commissioners Holmes, Waits and Rich in their depositions made certain admissions as to using county equipment, materials and labor for purposes which appellees contend conclusively show that they were for private purposes. However with respect to the commissioners doing work on roads leading from the highway or county road to a person's house from the depositions and from the whole record it can not be said conclusively that in some or many of these instances that such work was illegal or improper as fact questions have been raised by defendants that many of these roads were access roads or roads authorized by statute or that in some instances the property owner gave right-of-way to widen a county road in exchange for an access road or in some instances in exchange for work on his driveway to his house. With respect to proving that such acts were illegal under all the circumstances the burden of proof was upon the appellees-movants. In this connection see Rowan v. Pickett, Tex.Civ. App., 237 S.W.2d 734, wherein it was stated in part as follows:

"Another matter urged in various points by appellants is that of road maintenance and repair. The trial court found that the various commissioners engaged in the practice of dragging and smoothing roads leading from persons' houses to main roads, and further found that the evidence failed to show the roads were not third class or neighborhood roads. Appellants sought to enjoin appellees by proving

they were maintaining private property rather than public roads. The burden was upon them to prove that the roads being maintained and about which they complained, were not public roads, whether by prescription, dedication or eminent domain. Proof that a road is slightly traveled, McCloskey v. Heinen, Tex.Civ.App., 266 S.W. 193, or that it is a cul-de-sac, Decker v. Menard County, Tex.Civ.App., 25 S.W. 727, does not prove that the road is not public. Article 6711 Vernon's Ann.Civ. Stats, imposes a power upon Commissioners' Courts to establish neighborhood roads. * * * Upon appellants' failure to prove the non-public nature of the roads about which they complained, the court ruled properly."

Appellees also contend that the depositions of Commissioners Holmes, Waits, and Rich show that they did work for churches which appellees contend was illegal. It was held by the Supreme Court of Texas in Ex Parte Conger, Tex., 357 S.W.2d 740, that it was improper for a county commissioner to allow the use of county owned equipment for the purpose of performing work on privately owned church property to furnish parking facilities for the use of members in attending services at their church. However in the case at bar the evidence with respect to church work is rather general and is not fully developed as to under what circumstances it was done, and it all appears to be completed acts in the past.

In Godley v. Duval County, Tex.Civ.App., 361 S.W.2d 629, wherein a temporary injunction seeking to restrain county officials from using county equipment, labor and materials for private purposes was denied, the court stated in part as follows:

"The County Commissioners are not authorized to permit the use of county labor materials or equipment for other than public use. Ex parte Conger, Tex., 357 S.W.2d 740; Rowan v. Pickett, Tex.Civ.App., 237 S.W.2d 734. This

same rule applies to county employees, regardless of the motives or whether a profit is made. Appellant's right as a taxpayer to enjoin such use is well recognized. City of Austin v. McCall, 95 Tex. 565, 68 S.W. 791; Terrell v. Middleton, Tex.Civ.App., 187 S.W. 367.

" * * * Appellant contends that in addition to these two jobs, county labor, equipment and materials were used by Carey on private driveways. Their use was disputed and there was evidence that the only work performed by the county was on the right-of-way between the driveways and county roads. The County Commissioners denied that they authorized the use of county labor, materials or equipment for private purposes."

Appellees also contend that Commissioners Holmes, Waits and Rich in their depositions above referred to admitted that they would continue with the same practices they had been following unless stopped and that therefore a permanent injunction was authorized and required.

■ The alleged improper and claimed illegal acts complained of by plaintiffs-appellees were all past and completed acts. It is well settled law that in the absence of a showing that they probably will recur, past acts and practices will not furnish a basis for injunctive relief. Rowan v. Pickett, Tex.Civ.App., 237 S.W.2d 734; Luccous v. Kinley Company, Tex., 376 S.W.2d 336.

Are the depositions of Commissioners Holmes, Rich, and Waits and of County Engineer Marshall, absolutely binding and conclusive on them in the summary judgment proceeding here? We think not.

■ In the first place appellants in their motion to strike these depositions, under oath stated to the effect that these depositions were not correct in many instances and for that reason were not signed by them, thus casting some discredit upon the depositions, which depositions were not filed,

and as stated earlier in this opinion there is a question as to whether these depositions should be considered as a part of the appellate record in this cause. However it is our view that a consideration of these depositions will not change the decision in this case as it is our view that irrespective of whether said depositions are considered no summary judgment should have been rendered.

■ In the second place it is well established that statements in a deposition are declarations against the interest of a deponent and their probative value presents questions for the trier of the facts and that if at the trial the deponent desires to explain such statements he has that right and the probative value of his testimony is for the trier of the facts. In this connection see Southern Lloyds v. Jones, Tex.Civ.App., 345 S.W.2d 435, where a summary judgment was reversed, and wherein the court stated in part as follows:

"Appellee makes no effort in his deposition to explain the inconsistencies in his testimony there given nor with any inconsistency of his testimony with the allegations in his pleading. However he was not testifying at a trial and in fact was not called to so testify.

"To support his motion for summary judgment appellee had the burden of establishing that he was entitled to judgment as a matter of law, that there are no genuine issues of fact and all reasonable doubts must be resolved against him. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. Here appellee has failed to show that he was the owner of the insured property which fact prevents a summary judgment in his favor. The statements in appellee's deposition are declarations against his interest and their probative value presents questions for the trier of the facts. McMillan v. Gage, Tex.Civ.App., 165 S.W.2d 754, Er. Ref., w. m.; Stano-

lind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569. If at the trial appellee desires to explain such statements he has that right and the probative value of his testimony is for the jury. Leonard v. Smith, Tex.Civ.App., 186 S.W.2d 284. In St. John v. Fitzgerald, Tex.Civ.App., 281 S.W.2d 201, 207, a summary judgment proceeding, statements made in appellee's deposition were considered and the court said:

" 'Of course, reliance on the alleged false representation of appellee was an essential of appellant's cause of action. But, the general rule is that testimony of a party by deposition is given only the force of an admission out of court. It may be explained or contradicted on the trial and when an issue of fact is thus presented the credibility and weight of his testimony is to be passed on by the trier of the facts. 169 A.L.R. 798, 805; Foster v. Woodward, Tex. Civ.App., 134 S.W.2d 417.'

"The action of the trial court in granting appellee's motion for summary judgment cannot be sustained because the proof is not conclusive that he was the owner of the insured property."

In the third place the questioned depositions of Holmes, Waits, Rich and Marshall, with respect to whether the same practices would be followed in the future are later qualified, explained or contradicted by the later filed sworn statement that thereafter the commissioners' court and the various defendants would in the future desist and refrain from any acts held illegal or improper by the trial court. In this connection see St. John Fitzgerald, Tex.Civ.App., 281 S.W.2d 201, wherein a summary judgment was reversed, and the court stating therein in part as follows:

"Appellant contends the trial court could not on a motion for summary

judgment pass on the credibility of appellant or the weight to be given his testimony and, since his testimony by deposition relative to relying on appellee's statement is explained, or contradicted, by his affidavit, that an issue of fact as to whether he relied thereon was raised and the court erred in rendering judgment on appellee's motion. Appellees say appellant's effort to qualify his deposition testimony is only an effort to impeach his previous testimony and the court was correct in disregarding it.

"Of course, reliance on the alleged false representation of appellee was an essential of appellant's cause of action. But, the general rule is that testimony of a party by deposition is given only the force of an admission out of court. It may be explained or contradicted on the trial and when an issue of fact is thus presented the credibility and weight of his testimony is to be passed on by the trier of the facts. 169 A.L.R. 798, 805; Foster v. Woodward, Tex.Civ.App., 134 S.W.2d 417.

"We are forced to the conclusion that appellant's affidavit in response to the motion for judgment raised an issue of fact as to whether appellant relied on the alleged false representation when he executed the contract dissolving the partnership. The judgment is reversed and the cause remanded for a trial on the merits."

After carefully considering the lengthy and controversial record in this cause it is our view that the summary judgment against defendants should not have been granted under this record as there were disputed material issues of fact both as to whether the defendants-appellants had committed the acts charged and whether such past completed acts (if illegal) would or would not continue in the future and whether therefore a permanent injunction was necessary, and such questions were for the trier of the facts on the merits. Appellants' contention that the summary judgment rendered against them was not authorized under this record is sustained.

However we overrule appellants' contention that the trial court erred in not granting a summary judgment in their favor.

It is our view that neither of the contending parties were entitled to a summary judgment under the controversial record here. It is also our further view that this case was not properly or sufficiently developed and that it would be in the interests of justice that the cause be reversed and remanded for a new trial on its merits.

The judgment of the trial court granting a summary judgment is reversed and the permanent injunction granted is vacated; the judgment of the trial court insofar as it denies a summary judgment in favor of appellant is affirmed.

In view of the fact that the summary judgment in favor of appellee is reversed and the judgment of the trial court in denying appellants motion for a summary judgment in their favor is affirmed and viewing the whole record in this cause it is our view that it would be just and equitable to tax one-half of the costs in this cause, both in the court below and in this court, against appellees and that one-half of such costs should be taxed against appellants.

Reversed in part, affirmed in part, remanded for new trial on the merits, and costs taxed in manner above stated.