

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 2, 1976

The Honorable Kenneth D. Gaver
Commissioner
Texas Department of Mental Health
    and Mental Retardation
P. O. Box 12668, Capitol Station
Austin, Texas   78711

Opinion No. H-874

Re:  Use of state-owned
equipment and facilities
by MHMR physicians to
engage in private medical
practice conducted for
profit.

Dear Dr. Gaver:

You have supplied us with a proposed policy statement
of the Mental Health and Mental Retardation (hereafter MHMR)
Board and a proposed administrative order of the Commissioner
to implement it.  You ask about the legality of the contemplated
steps.

The proposed policy statement recites that the competency
of MHMR physicians would be improved and the recruitment and
retention of physicians would be aided if MHMR physicians
were allowed to carry on private practices at MHMR facilities.
It then resolves that:

> [P]hysicians employed by facilities of the
> Texas Department of Mental Health and
> Mental Retardation be and are authorized
> to carry on the private practice of medicine
> at facilities of Texas Department of Mental
> Health and Mental Retardation under such
> limitations, terms and conditions as shall
> be prescribed by the Commissioner of the
> Department.

The Commissioner's complementing administrative order tenta-
tively details the "limitations, terms and conditions" which
the Commissioner proposes to prescribe if the policy can be
implemented.

In our opinion, the policy cannot be implemented because the Board of Mental Health and Mental Retardation has no authority to adopt it. The determination of public policy is within the plenary power of the Legislature, limited only by constitutional constraints. State v. City of Austin, 331 S.W.2d 737 (Tex. Sup. 1960). When the Legislature has acted, an administrative agency is not free to nullify the Legislative policy. State v. Jackson, 376 S.W.2d 341 (Tex. Sup. 1964).

Subject to constitutional requirements, the use of public buildings is within the regulatory power of the Legislature. Conley v. Daughters of the Republic, 156 S.W. 197 (Tex. Sup. 1913), motion for rehearing overruled, 157 S.W. 197; 46 Tex. Jur.2d, Public Buildings and Grounds § 2. By the enactment of article 666a, V.T.C.S., the Legislature authorized the Board of Control to lease for agricultural and commercial purposes "all public grounds belonging to the State of Texas" under its control, but only after advertising the lease proposal and securing the approval of the Attorney General. The Legislature also enacted article 665, V.T.C.S., which permits the Board of Control to allocate space in any of the public buildings under its control "to the departments of the State Government and for the uses authorized by law."

Both statutes were in effect at the time control of certain institutional property was transferred from the Board of Control to the Board of Texas State Hospitals and Schools and, later, to the Texas Department of Mental Health and Mental Retardation. In our opinion, the statutes transferring control of such property from the Board of Control to the intermediate agency and then to the MHMR board did not vest in the MHMR board a broader discretion with respect to the use of the facilities than previously existed in the Board of Control. See V.T.C.S. arts. 5547-202, § 216; 3174b; Attorney General Opinion M-995 (1971).

We think the Legislature has indicated the basis upon which the use of state property should be considered, and we do not believe the use of MHMR facilities by physicians acting in a private commercial capacity is a use "authorized by law" for which the board may legally allocate space in the public buildings under its control without resort to legislatively required standards. Section 2.16 of the Texas

Mental Health and Mental Retardation Act incorporates those statutory restrictions by reference and the policy-making authority of the board is expressly limited by section 2.11(a) of the Act:

> The Board shall formulate the basic and general policies, principles and standards stated in this Act, to guide the Department in administering this Act.

Cf. Ex parte Conger, 357 S.W.2d 740 (Tex. Sup. 1962); Godley v. Duval County, 361 S.W.2d 629 (Tex. Civ. App. -- San Antonio 1962, no writ).

We have not overlooked Attorney General Opinion V-993 (1950), which, on the authority, first, of a general law not applicable here and, second, of certain language found in the 1949 General Appropriations Act for State Hospitals and Special Schools, concluded that the Board for State Hospitals and Special Schools could authorize physicians, dentists, barbers and other professional employees at such institutions to render professional services to persons other than wards of the state, and to allow them the use "to some extent" of state facilities for the performance of such services.

The V-993 opinion stressed that general law then allowed the board "to appoint all officers and employees of such institutions and fix their salaries and wages" and that the 1949 General Appropriations Act authorized institutional employees to receive "such perquisites as the Board may by rule and regulation prescribe" and authorized the board to allow emoluments to board employees "[i]n recognition of salaries paid within institutions and in order to attract and retain qualified supervisory personnel." By contrast, current general law now governing the Department provides that "[t]he numbers of employees and the salaries shall be as fixed in the general appropriations bill." V.T.C.S. art. 5547-202, § 2.01A. In addition, the 1975 General Appropriations Act (pursuant to articles 6813b and 6252-11, V.T.C.S.) specifies the salaries, emoluments, and incentive payments which may be granted to physicians of the Department. See provisions labeled "Exempt Positions" (p. 2509), "Specialty Certification" (p. 2512), "Classified Positions" (p. 2512), "Employment of Physicians and Dentists" (p. 2513), "Services

to Employees" (p. 2516), and "Emoluments" (p. 2519), all found in the Special Provisions applicable to the Department of Mental Health and Mental Retardation. Acts 1975, 64th Leg., ch. 743 at 2417, 2509, et seq. In our opinion, Attorney General Opinion V-993 must be limited to its particular facts, which are not applicable here.

Consequently, we advise that it is not within the present legal authority of the Texas Board of Mental Health and Mental Retardation to adopt the proposed policy statement and to require its implementation. We do not reach questions posed by the administrative order.

### S U M M A R Y

It is not within the present authority
of the Texas Board of Mental Health and
Mental Retardation to adopt and implement
a contemplated policy that MHMR physicians
be authorized to carry on the private
practice of medicine at MHMR facilities.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb