Honorable Homer R. Taylor Wharton County Attorney 304 Courthouse Building Wharton, Texas 77488
Re: Authority of the county to construct and maintain a bridge over a drainage ditch entirely on private land in return for a drainage easement.
Dear Mr. Taylor:
You ask:
 (1) Does a county have the authority to construct a bridge across a natural drain which connects private property with no public access in exchange for the acquisition of an easement for maintaining the natural drainage?
 (2) If so, does a county have the authority to agree to maintain said bridge in perpetuity?
It is the opinion of this office that under the facts you have presented neither the construction nor the maintenance of the bridge would be an authorized activity of county government.
It is a well established principle that the powers of counties are limited to those conferred upon them by the Texas Constitution or by statutory authorization. Tex. Const. art. 5, §18. These powers may be either expressly granted or conferred by necessary implication from an express grant. Once a power has been conferred, the commissioners court possesses broad discretion in exercising the power. See Anderson v. Wood,152 S.W.2d 1084 (Tex. 1941); Rowan v. Pickett, 237 S.W.2d 734
(Tex.Civ.App.-San Antonio 1951, no writ).
In Rowan the court granted an injunction to halt the use of county machinery on private land. The injunction was issued even though the county was fairly compensated, and, in fact, made a profit from the transaction. Godley v. Duval County,361 S.W.2d 629 (Tex.Civ.App.-San Antonio 1962, no writ), extended the Rowan reasoning when it held that
 [t]he County Commissioners are not authorized to permit the use of county labor, materials or equipment for other than public use . . . . This same rule applies to county employees, regardless of the motives or whether a profit is made.
(Emphasis added). Thus the fact that the county receives a quid pro quo for the work performed is irrelevant. The use of county machinery and employees for private benefit is unlawful regardless of any profit accruing to the county. See also Ex Parte Conger, 357 S.W.2d 740 (Tex. 1962); Panola County Commissioners Court v. Bagley, 380 S.W.2d 878
(Tex.Civ.App.-Texarkana 1964, writ ref'd n.r.e.).
In Letter Advisory No. 92 (1975), this office considered the constitutionality of a proposed bill to permit counties to do private road work and earthmoving work for a price. We concluded that this bill was unconstitutional under article 5, section 18
of the Texas Constitution which grants the county commissioners power and authority over only `county business.'
The construction and maintenance of the bridge is not the only means by which the county can obtain the drainage easement. Under V.T.C.S. article 1581e, section 1,
 [a]ll counties in this State shall have the right of eminent domain to condemn and acquire real property and easements . . . over and through all public and private lands for the making and digging of canals, drains, levees and improvements . . . for drainage. . . .
(Emphasis added). Thus the county's eminent domain powers negate the argument that the construction of the bridge to acquire the easement is a matter of public necessity.
We conclude, on the basis of Godley, Rowan, and Letter Advisory No. 92, that county construction and maintenance of a bridge on private land in exchange for a drainage easement is unauthorized.
 SUMMARY
The use of county machinery or labor to construct or maintain a bridge on private land in exchange for a drainage easement is unauthorized under article 5, section 18 of the Texas Constitution.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee