

DAN MORALES
ATTORNEY GENERAL

# Office of the Attorney General
## State of Texas

March 28, 1991

Honorable Robert G. Bond
McCulloch County Attorney
County Courthouse, Room 302
Brady, Texas 76825

Honorable Clay Strange
Mitchell County Attorney
County Courthouse, Room 206
Colorado City, Texas 79512

Opinion No. DM-13

Re: Authority of a commissioners court to maintain roads used for school bus purposes (RQ-2175)

Dear Messrs. Bond and Strange:

You have both asked about county maintenance of roads used by school buses.

Mr. Bond asks:

> Under what circumstances, if any, is it proper for County Commissioners to maintain a private road which is used as a school bus route? Does the answer depend on whether travel over such a road is necessary to reach schoolchildren entitled to bus transportation, or whether such access is for the convenience of the schoolchildren?

In that connection, he advises:

> McCulloch County is a rural county of roughly 10,000 population. In all four of our precincts, there are numerous residences which are connected to the public roads by private roads not dedicated to County use. In many cases, the landowners desire to keep the roads private to discourage poachers and persons desiring to dump trash, unwanted animals, etc in the outlying areas. These private roads are of various lengths, with varying numbers of residences lying along them.

The school buses from each of our three school districts often travel down these private roads to reach residences where schoolchildren who are eligible for bus transportation reside. In some cases, the bus may travel a mile or so down a private road to reach one such residence, and return to the public road. In other cases, the bus may travel from one public roadway to another via a private road, stopping by several residences along the way.

These private roads are of course unpaved, and the school buses obviously contribute heavily to their deterioration (conversely), the unimproved roads also contribute heavily to the deterioration of the school buses.

Mr. Strange writes:

It has been asked [that I make] this request: 'Since Independent School Districts are required under law to provide bus service to public school children and since those buses travel on private roads, does the school have an easement for that purpose of travel? Could then, by interlocal cooperation agreement, the school contract with the county to maintain that easement in exchange for some kind of genuine consideration be it financial or in-kind.'[1]

In explanation he says:

[It] is not uncommon at all in our county for a number of roads during periods of wet weather to be completely impassable without four wheel drive unless the impervious surface is present. The cost of providing such a surfacing privately can be

---

[1]Though school districts are "authorized" by section 21.174 of the Education Code to undertake the transportation of students, they "are not required to do so." Mount Pleasant Indep. School Dist. v. Lindburg, 766 S.W.2d 208, 213 (Tex. 1989). Cf. Kadrmas v. Dickinson Public Schools, 108 S.Ct. 2481 (1988) (United States Constitution does not require provision of school bus service to students).

prohibitively expensive. The question is further complicated by the fact that some of these roads are passable by light vehicles but not so for buses and in some cases would be unsafe for the bus to attempt to travel; i.e., the only reason for a family to improve the road would be to accommodate the buses.

In 1980, section 52f was added to article III of the Texas Constitution. It reads:

A county with a population of 5,000 or less, according to the most recent federal census, may construct and maintain private roads if it imposes a reasonable charge for the work. The Legislature by general law may limit this authority. Revenue received from private road work may be used only for the construction, including right-of-way acquisition, or maintenance of public roads.

We need not address the scope of this provision since there is no comparable provision for counties with a population larger than 5,000. According to the 1980 federal census (the one most recently published), McCulloch County is shown to have a total population of 8,735 and Mitchell County is shown to have a population of 9,088. Thus, article III, section 52f of the constitution is inapplicable to either county.

In the absence of constitutional authorization we do not believe a commissioners court ordinarily possesses the legal authority to maintain or improve a private road, even though it is used as a school bus route.[2] In 1975, this office reviewed a bill that would have enacted a statute allowing the commissioners court of any county to do work on private roads for compensation. Citing Ex parte Conger, 357 S.W.2d 740 (Tex. 1962), Panola County Commissioners Court v. Bagley, 380 S.W.2d 878 (Tex. Civ. App.--Texarkana 1964, writ ref'd), and Godley v. Duval County, 361 S.W.2d 629 (Tex. Civ. App.--San Antonio 1962, no writ), among other cases, the attorney general concluded in Letter Advisory No. 92 (1975) that the bill, if enacted, would be held unconstitutional by the courts as not "county

---

[2]In Dinwiddie v. American Trading and Prod. Corp., 373 S.W.2d 867 (Tex. Civ. App. -- El Paso 1963, no writ), a mention is made in passing of county maintenance of a private road to keep it passable for school buses, but the legality of doing so was not addressed. See 36 D. Brooks, County and Special District Law § 40.3, n.26 at 396 (Texas Practice 1989) (former statutory law).

business." See Tex. Const. art. V § 18; (authority of a county to maintain private roads) Attorney General Opinions JM-842 (1988), JM-334 (1985) and JM-200 (1984).

You also raise the possibility that the school district has an easement in the roads in question. In counties such as McCulloch and Mitchell Counties having a population no greater than 50,000 according to the most recent federal census, a public interest in a private road may be established, acquired, or received by a county only by purchase, condemnation, dedication, or final judgment of adverse possession. V.T.C.S. art. 6812h. See Attorney General Opinions JM-842, JM-334. This statute does not expressly prevent school districts from acquiring interests in private roads in a different manner, but we do not believe school districts acquire prescriptive easements in private roads merely because their school buses use them to pick up school children. See 31 Tex. Jur. 3d Easements and Licenses in Real Property, §§ 33 et seq., at 637. Even if the school districts had acquired interests in the roads, the county could not gratuitously improve and maintain them.

## SUMMARY

County commissioners are not authorized to maintain private roads, even though the roads are used for school bus routes.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

SUSAN GARRISON
Acting Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General