OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 3, 2000

The Honorable James A. Farren
Randall County Criminal District Attorney
501 16th Street
Canyon, Texas 79015

Opinion No. JC-0288

Re: Authority of a commissioners court to contract to repair roads within a municipality that belong to a property owners association (RQ-0235-JC)

Dear Mr. Farren:

You have asked this office whether a commissioners court may enter into an interlocal agreement with a municipality to repair roads that are within the municipality, but that are private and not open to use by the general public. You further state that the county is to be fully reimbursed for the cost of such work. Given that the county in question has a population in excess of five thousand persons and is therefore not subject to the provisions of article III, section 52f of the Texas Constitution, whether or not the county is reimbursed is immaterial. The commissioners court may not enter into such a contract.

As you explain the matter, the roads in question are within the Village of Timberlake Canyon, lying entirely within Randall County.[1] The village is, you inform us, a gated community incorporated as a Texas municipality. *See* Request Letter, note 1, at 1. Roads in the village are not open to the public. "Only residents of the village and their guests are allowed upon the roads within its boundaries, which are owned not by the village but by the Timbercreek Property Owners Association, Inc., a Texas non-profit corporation." *Id.*

The commissioners court has entered into an agreement "to sealcoat the roads within the village for a sum that would compensate the county in full for all costs incurred for the job." *Id.* You have advised the commissioners that they were without authority to enter into such a contract. We agree.

The Texas Constitution permits a county to maintain private roads in a single narrowly drawn instance. Under article III, section 52f, a county with a population of five thousand or less is permitted to construct and maintain private roads if it imposes a reasonable charge for the work. *See*

---

[1]*See* Letter from Honorable James A. Farren, Criminal District Attorney, Randall County, to Opinion Committee, Office of the Attorney General at 1 (May 23, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

TEX. CONST. art. III, § 52f. The population of Randall County, according to the most recent decennial census, is 89,673.[2] Accordingly, article III, section 52f does not apply.

As this office pointed out in Attorney General Opinion JC-0172, "Aside from the narrow authority granted by article III, section 52f of the Texas Constitution, counties are not constitutionally or statutorily authorized to construct or maintain private roads." Tex. Att'y Gen. Op. No. JC-0172 (2000) at 2; *see also* Tex. Att'y Gen. Op. No. JM-334 (1985) at 2 (counties do not have general authority to maintain private roads).

That public labor and materials may be expended only for public purposes is well-established. "The County Commissioners are not authorized to permit the use of county labor, materials or equipment for other than public use." *Godley v. Duval County*, 361 S.W.2d 629, 630 (Tex. Civ. App.–San Antonio 1962, no writ). A "public use" is one available to the public generally, not to a restricted set of persons. "To constitute 'public use' all persons must have an equal right in respect to the property and it must be in common and on the same terms no matter that only a few in number may avail themselves of it." *Ex parte Conger*, 357 S.W.2d 740, 742 (Tex. 1962). Roads to which the general public is denied access cannot, therefore, constitute a public use.

Nor is the analysis changed because the commissioners court seeks to enter into an interlocal agreement with the village. Section 791.032 of the Government Code provides:

> With the approval of the governing body of a municipality, a local government may enter into an interlocal contract with the municipality to finance the construction, improvement, maintenance, or repair of streets or alleys in the municipality, including portions of the municipality's streets or alleys that are not an integral part of or a connecting link to other roads or highways.

TEX. GOV'T CODE ANN. § 791.032 (Vernon Supp. 2000).

Section 791.032 was added to the Government Code by House Bill 508, 76th Legislature.[3] Another part of House Bill 508 amended section 251.012 of the Transportation Code to allow the commissioners court to "spend county money" for, *inter alia*, "any construction, improvement, maintenance, or repair allowed under Section 791.032, Government Code, if the commissioners court finds that the county will receive benefits as a result of the work on the street or alley." TEX. TRANSP. CODE ANN. § 251.012(a)(4) (Vernon Supp. 2000).

---

[2]1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION: General Population Characteristics: Texas 3 (1992) (population of Randall County is 89,673).

[3]*See* Act of May 26, 1999, 76th Leg., R.S., ch. 671, 1999 Tex. Gen. Laws 3243.

We agree with your suggestion that House Bill 508 may be seen as "a codification"[4] of Attorney General Opinion JC-0036, in which this office, overruling certain prior opinions, averred that counties might expend funds to improve city streets "that are not integral parts of or connecting links with county roads or state highways . . . [so long as] any expenditure of county funds for improvement to streets unconnected to county roads or state highways serve a county purpose." Tex. Att'y Gen. Op. No. JC-0036 (1999) at 11. We agree as well with your conclusion that construing House Bill 508 to permit such an interlocal agreement as the one contemplated here "would allow the county to use the village as a proxy for the private party it cannot deal with directly" and that it "is unlikely that the legislature intended such a result when it authorized the interlocal agreements contained in the Government and Transportation Codes." Memorandum, note 4, at 3.

Nothing in the statutory language, nor in Attorney General Opinion JC-0036, suggests that either the opinion or the statute intended to permit agreements by which private roads received a public benefit. The concern of both was whether the county could maintain *municipal* streets and alleys that did not connect with county roads. A construction of the statutory language to include private roads among those which the county might maintain would violate article III, section 52 of the Texas Constitution, which forbids the legislature "to authorize any county, city, town or other political corporation or subdivision of the State to . . . grant public money or thing of value in aid of, or to any individual, association or company." TEX. CONST. art III, § 52(a); *see* TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 1998) (statutes presumed to be intended to be constitutional).

Finally, we agree that such an interlocal contract would not serve a county purpose. While the decision as to what constitutes a county purpose is ordinarily for the commissioners court to make, *see* Tex. Att'y Gen. Op. No. JC-0036 (1999) at 6, a decision which violated article III, section 52 would be *a priori* unreasonable. *See Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) ("If the Commissioners Court acts illegally, unreasonably, or arbitrarily, a district court may so adjudge.").

In a free society, citizens who wish to exclude the public from their property have every right to do so. But they do not have the right to use public resources for the upkeep of their property, whether that property be their houses, their lawns, or their private streets. Just as the commissioners of Upton County could not use county road equipment to scrape off brush from a private lot to benefit the landowner, *see Ex parte Conger*, 357 S.W.2d at 742, so the commissioners of Randall County may not authorize the use of county materials and equipment to maintain private roads for the benefit of a private association of property owners.

---

[4]*See* Memorandum from Honorable James A. Farren, Criminal District Attorney, Randall County, to Honorable Ted Wood, Randall County Judge at 2 (May 22, 2000) (on file with Opinion Committee) [hereinafter Memorandum].

## S U M M A R Y

Except in the limited case governed by article III, section 52f of the Texas Constitution, a commissioners court may not enter into an interlocal agreement with a municipality to repair roads within the municipality which are private and not open to use by the general public.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee