

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

January 24, 2000

The Honorable Charles D. Penick                    Opinion No. JC-0172
Bastrop County Criminal District Attorney
804 Pecan Street                                   Re: Whether a commissioners court may accept
Bastrop, Texas 78602                               and maintain roads in a gated subdivision
                                                   (RQ-0103-JC)

Dear Mr. Penick:

You ask whether a commissioners court may accept a dedication of roads in a gated subdivision and thereafter maintain the roads. The commissioners court may accept a dedication of private roads to the county, but the roads will no longer be private roads after the acceptance. While the county may not maintain private roads, it may maintain the roads after they become public roads. Access to a public road may not be restricted by the landowner or owners on either side of it. Thus, after the roads within a gated subdivision become public roads, the land owners may not block access to them by means of a locked gate.

Your inquiry concerns the roads within a gated subdivision in Bastrop County. You inform us that the subdivision is outside the boundaries or extraterritorial jurisdiction of any city. There are locked gates at the entrance to the subdivision, and only residents of the subdivision or their invited guests have access to the subdivision. The roads are over sixty feet wide and paved according to subdivision standards. Telephone Conversation with Honorable Charles D. Penick, Criminal District Attorney, Bastrop County (Dec. 16, 1999). The residents of the subdivision pay county road and bridge taxes, as do all persons owning real property in Bastrop County. *See* Letter from Honorable Charles D. Penick, Criminal District Attorney, Bastrop County, to Honorable John Cornyn, Texas Attorney General (Aug. 23, 1999) (on file with Opinion Committee). The developers have submitted a subdivision plat to the county for approval, but the county has not yet approved it. You ask whether the commissioners court may accept a dedication of roads in the gated subdivision and thereafter maintain them.

Bastrop County has authority to maintain public roads, but not private roads. TEX. TRANSP. CODE ANN. § 251.003(a) (Vernon 1999) (commissioners court of a county may construct and maintain public roads). Article III, section 52f of the Texas Constitution authorizes a county with a population of 5,000 or less, according to the most recent federal census, to construct and maintain private roads if it imposes a reasonable charge for the work. *See* TEX. CONST. art. III, § 52f. Bastrop County, with a population of 38,263 according to the 1990 federal census, is not within this

provision. *See* U.S. BUREAU OF THE CENSUS, COUNTY AND CITY DATA BOOK 522 (1994). Aside from the narrow authority granted by article III, section 52f of the Texas Constitution, counties are not constitutionally or statutorily authorized to construct or maintain private roads. *See generally Ex parte Conger*, 357 S.W.2d 740 (Tex. 1962); Tex. Att'y Gen. Op. Nos. JC-0016 (1999) at 3, DM-13 (1991) at 3-4, JM-334 (1985) at 2, JM-200 (1984) at 2; *see also Godley v. Duval County*, 361 S.W.2d 629, 630 (Tex. Civ. App.–San Antonio 1962, no writ) (county labor, materials or equipment may not be used for other than public use). Accordingly, as long as the roads within the gated subdivision remain private roads, Bastrop County may not maintain them.

A private road will become a public county road if the owner dedicates it for public use and the commissioners court accepts the dedication. *See generally Priolo v. City of Dallas*, 257 S.W.2d 947, 952 (Tex. Civ. App.–Dallas 1953, writ ref'd n.r.e.). "Dedication" is a setting apart of land for public use. *See id.* at 953 n.2. We understand that the developer of the gated subdivision in Bastrop County will dedicate roads to the public by filing a subdivision plat as required by chapter 232 of the Local Government Code. Telephone Conversation with Honorable Charles D. Penick, Criminal District Attorney, Bastrop County (Dec. 16, 1999); *see* Tex. Att'y Gen. Op. Nos. JM-317 (1985), JM-200 (1984) (discussing procedures for dedicating roads for public use).

Preparing a subdivision plat is essential to developing residential lots. The owner of a tract of land located outside the limits of a city must have a plat of the subdivision prepared if he or she divides the tract into two or more parts to lay out:

> (1) a subdivision of the tract . . . ;
>
> (2) lots, or
>
> (3) streets, alleys, squares, parks, or other parts of the tract intended to be dedicated to public use or for the use of purchasers or owners of lots fronting on or adjacent to the streets, alleys, squares, parks, or other parts.

TEX. LOC. GOV'T CODE ANN. § 232.001(a) (Vernon Supp. 2000). The plat must state, among other things, the dimensions of each street, or other part of the tract "intended to be dedicated to public use or for the use of purchasers or owners of lots fronting on or adjacent to the street." *Id.* § 232.001(b). If the land is outside of the extraterritorial jurisdiction of any city, the landowner must submit the plat to the commissioners court for approval, and after the plat is approved, the landowner may file it for record in the county clerk's office. TEX. PROP. CODE ANN. § 12.002 (Vernon Supp. 2000); *see also* TEX. LOC. GOV'T CODE ANN. §§ 232.0025 (Vernon Supp. 2000) (timely approval of plats); 242.001 (approval by city and county of plat for subdivision in the extraterritorial jurisdiction of a city is generally required). In general, a developer may not sell lots using the subdivision's description in selling until the plat has been approved and filed for record with the clerk. *See* TEX. PROP. CODE ANN. § 12.002 (Vernon Supp. 2000) (restriction on selling not applicable where

conveyance of real property is expressly contingent on approval and recording of final plat and purchaser is not given use of real property conveyed before recording of final plat).

When the commissioners courts approves the subdivision plat and all other steps necessary to effect the dedication are completed, the roads become public roads. *See* Tex. Att'y Gen. Op. Nos. JM-317 (1985), JM-200 (1984). As public roads, they may be maintained by the county, but they must also be free of all obstructions. *See* TEX. TRANSP. CODE ANN. § 251.008 (Vernon 1999); *see* TEX. PEN. CODE ANN. § 42.03 (Vernon 1994) (offense of obstructing a highway, street, or any other place used for passage of persons, vehicles, or conveyances); *but see* TEX. TRANSP. CODE ANN. § 251.010 (Vernon 1999) (gates allowed on third-class and neighborhood roads). The owner of land on both sides of a public highway has no authority to restrict use of it by placing a gate over the right of way. *See Perry v. Jaggers*, 9 S.W.2d 143, 145 (Tex. Civ. App.–Waco 1928, writ dism'd w.o.j.). Accordingly, in answer to your question, we inform you that the commissioners court may accept a dedication to the public of roads in a gated subdivision. The roads will thereby become public roads that the commissioners court may maintain at county expense, but the owners of property in the subdivision may no longer obstruct the roads with a locked gate.

## S U M M A R Y

A commissioners court may accept a dedication to the county of private roads within a gated subdivision, but the roads will no longer be private roads after the acceptance. While the county may not maintain private roads, it may maintain the roads after they are dedicated as public roads. Access to a public road may not be restricted by the landowner or owners on either side of it. Thus, after the roads within a gated subdivision become public roads, the land owners may not block access to them by means of a locked gate.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee